CENTER FOR NATIONAL POLICY REVIEW ON RACE AND URBAN ISSUES et al., Appellants,

v.

Elliot L. RICHARDSON, Secretary, Department of Health, Education and Welfare, et al.

No. 75–1431.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 28, 1976.

Decided Feb. 25, 1976.

---

John Silard, Washington, D. C., with whom Joseph L. Rauh, Jr., Washington, D. C., was on the brief for appellants.

Ronald R. Glancz, Atty., Dept. of Justice, Washington, D. C., with whom Rex E. Lee, Asst. Atty. Gen., Earl J. Silbert, U. S. Atty., and Leonard Schaitman, Atty., Dept. of Justice, Washington, D. C., were on the brief for appellees.

Before WRIGHT, MacKINNON and ROBB, Circuit Judges.

PER CURIAM:

Appellants seek disclosure of certain files of the Department of Health, Education, and Welfare containing material on public school segregation in northern localities. In 1972 the District Court held that the bulk of the contested files must be disclosed, rejecting the Department's argument that all the files were exempt from disclosure under 5 U.S.C. § 552(b)(7), which statute then exempted "investigatory files compiled for law enforcement purposes except to the extent available by law to a party other than an agency." The District Court also held that a small percentage of the files may be exempt under other 5 U.S.C. § 552 exemptions.

On May 21, 1974 this court reversed the District Court's holding on exemption (7), finding that the files were in fact "investigatory files compiled for law enforcement purposes." *Center for Nat. Pol. Rev. on Race & Urb. Is. v. Weinberger,* 163 U.S. App.D.C. 368, 502 F.2d 370 (1974). Rehearing was denied August 30, 1974. On September 9, 1974 the District Court noted in its docket the receipt of "Certified copy of Judgment of U.S.C.A. reversing Judgment of the U.S. District Court. Opinion attached." No further judgment was issued.

In November, 1974 Congress amended exemption (7). This amendment became effective February 19, 1975, some nine and one-half months after our decision reversing the District Court and some five months after the entry of the notation in its docket. The Senate floor debate indicates that the congressional intent in the amendment was to override the appellate decision in this and other cases. 120 Cong.Rec. S9336 (daily ed. May 30, 1974). The resultant wording of 5 U.S.C. § 552(b)(7) exempted:

(7) investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would (A) interfere with enforcement proceedings, (B) deprive a person of a right to a fair trial or an impartial adjudication, (C) constitute an unwarranted invasion of personal privacy, (D) disclose the identity of a confidential source and, in the case of a record compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, confidential information furnished only by the confidential source, (E) disclose investigative techniques and procedures, or (F) endanger the life or physical safety of law enforcement personnel.

On December 9, 1974, noting that the District Court had not issued a judgment on the mandate from this court, appellants moved the District Court for summary judgment on the ground they were entitled thereto because of the intervening change in the statute. The motion was denied and

the case dismissed for lack of "subject matter jurisdiction" because the controversy "was effectively closed by the issuance and notation in the docket on September 9, 1974 of the judgment of the Court of Appeals . . . ." On February 26, 1975 appellants filed a motion under Fed.R.Civ.P. 60(b) to vacate the dismissal, which motion was denied on the basis that the District Court was "without power to grant relief absent leave from the Appellate Court to proceed," and that the amendment "created a new cause of action necessitating a new complaint." Appellants here appeal from the denial of their December 9, 1974 and February 26, 1975 motions.

Appellants have not filed any request with the Department for disclosure of any documents under the statute as amended.

We hold that the first case and controversy is at an end. In that case this court decided that the Department had acted properly under the statute in denying access to the information that had been requested. The District Court ruling was reversed, and the judgment dispatched and docketed in the District Court, although the *pro forma* issuance of a dismissal did not ensue.

Several months after the controlling decision of this court, Congress amended the exemptions in subsection (7) and prescribed new standards. If appellants still want the same information and believe they are entitled to the information under the new act, appellants should make a request first to the Department. If the Department feels it should comply with the request, that will end the case. But appellants have to begin at the beginning. The other case and controversy, involving, as it did, a different statute, is completed. Appellants' motion does not involve correcting a prior judgment. The judgment in the prior case is correct. Since appellants made their first request the facts and the law have both changed. Some of the case files have been terminated in the interim and Department counsel indicated that if a new request were made today the passage of time and the occurrence of certain events have created a situation in which some of the remaining contested files would now be handed over. However, the Department would still contend that it was entitled under the new law to refuse disclosure of some of the other files. Thus a different case and controversy would be presented and appellants cannot engraft this controversy onto the prior action and bypass the Department in so doing.

We accordingly affirm the judgment of the District Court and leave appellants to proceed by making an initial request to the Department. If appellants are not in agreement with the position the Department then takes in conformance with the new law, it will be incumbent upon appellants to raise the issues in the proper manner in a new "case or controversy."

*So ordered.*