Hubert Richard LEWIS alias Charles Stanley, Plaintiff-Appellant,

v.

Lionel BRAGAN, Sheriff, Jefferson County, Alabama, Defendant-Appellee.

No. 78–1272

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 17, 1978.

Hubert Richard Lewis, pro se.

Dominick, Fletcher, Yeilding, Acker, Wood & Lloyd, John F. Wood, Jr., Birmingham, Ala., for defendant-appellee.

Before GOLDBERG, AINSWORTH, and HILL, Circuit Judges.

JAMES C. HILL, Circuit Judge:

The plaintiff-appellant filed a pro se § 1983 action against the warden of the prison in which the plaintiff is incarcerated. The plaintiff claimed that the warden failed to protect him from a violent inmate and that the plaintiff received inadequate medical treatment. The plaintiff also requested appointment of counsel. Rather than determining the sufficiency of the complaint or requiring the warden to file an answer in accordance with the Federal Rules of Civil Procedure, the district court judge referred the complaint to a magistrate. The magistrate issued an "Order for Factual Response," which expressly stated that the "factual response" was not an appearance in the case. Although allegations in the warden's "factual response" conflicted with allegations in the complaint, the magistrate recommended that the action be dismissed. The district court judge adopted the magistrate's recommendation and dismissed the suit without an answer being filed by the proposed defendant, an evidentiary hearing, or a motion to dismiss or for summary judgment. The plaintiff timely filed a notice of appeal.

This suit is presently before the court on the plaintiff's petition for appointment of counsel to represent him on his

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

appeal from the district court's dismissal of his suit. We deny the plaintiff's petition. Instead, we order that the plaintiff's appeal be docketed.[1] Although we do not express any view concerning the merits of the plaintiff's allegations, we vacate the district court's dismissal of his action and remand the case for further proceedings. The plaintiff's complaint satisfies the standard of *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); it does not appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Accord, Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Slavin v. Curry*, 574 F.2d 1276 (5th Cir. 1978); *Watson v. Ault*, 525 F.2d 886 (5th Cir. 1976). Furthermore, the plaintiff's allegations conflicted with those of the proposed defendant. Because the plaintiff's complaint satisfies the standard stated in *Conley v. Gibson*, the district court may neither credit nor discredit either set of allegations at this stage of the proceedings. Therefore, the district court's dismissal of the plaintiff's suit on the basis of an ex parte factual determination was error. *Rasberry v. Spradling*, 558 F.2d 257 (5th Cir. 1977).

On remand, the warden shall be required to file an answer to the plaintiff's complaint. If the warden's and the plaintiff's allegations conflict, as would be indicated by the conflict between the warden's "factual response" and the complaint, the plaintiff is entitled to an appropriate evidentiary hearing.

VACATED and REMANDED.[2]

---

1. Summary disposition of this case is appropriate. *See Browne v. Estelle*, 544 F.2d 1244, 1244–45 (5th Cir. 1977); *Groendyke Transport, Inc. v. Davis*, 406 F.2d 1158, 1161–63 (5th Cir. 1969).

2. During the pendency of this appeal, plaintiff filed a motion for a preliminary injunction in this court. Given our disposition of this appeal, we need not consider the motion at this time. Instead, we transfer the motion to the district court, for initial consideration on remand.