Henry J. KIRKSEY et al.,
Plaintiffs-Appellants,

v.

CITY OF JACKSON, MISSISSIPPI, et
al., Defendants-Appellees.

No. 78-3294.

United States Court of Appeals,
Fifth Circuit.

Aug. 13, 1980.

Frank R. Parker, Barbara Y. Phillips, Jackson, Miss., for plaintiffs-appellants.

John E. Stone, City Atty., Howard C. Ross, Jr., Wise, Carter, Child, Steen & Caraway, Thomas G. Lilly, Joseph P. Wise, Richard D. Gamblin, Jackson, Miss., for defendants-appellees.

Before BROWN, HENDERSON and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

This action was brought by a class of black citizens of Jackson, Mississippi, challenging the present "at-large" system of electing the mayor and two city commissioners for the City of Jackson. Plaintiffs contend that this election system violates their rights as secured by the Thirteenth, Fourteenth and Fifteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1971, 1973 and 1983. The District Court entered judgment on all claims for defendants. We vacate and remand.

While the parties have urged us to render a decision in this matter, we believe that it would be inappropriate to do so at this time. It is apparent to us that the fact findings that were made by the Trial Court were based on criteria developed in *Zimmer v. McKeithen*, 485 F.2d 1297 (5th Cir. 1973) (en banc), affirmed on other grounds sub nom. *East Carroll Parish School Board v. Marshall*, 424 U.S. 636, 96 S.Ct. 1083, 47 L.Ed.2d 296 (1976) whose further validity is now very much in question in light of the recent Supreme Court opinion in *City of Mobile, Alabama v. Bolden*, —— U.S. ——, 100 S.Ct. 1490, 64 L.Ed.2d 47 (1980).

We have many times held that fact findings that were made under the spell of legal principles, which were either *improper* or since then declared to be improper, really

can't be credited one way or the other.[1] Accordingly, we do not now determine whether the findings of fact of the Trial Court were clearly erroneous under F.R. Civ.P. 52(a) because we are not in a position to accept the findings. Rather, we vacate the District Court's opinion and remand this case to be reconsidered in light of *Bolden*.

Although we are unable to decide this matter at this time, we recognize the importance of this case and its urgency in terms of the 1981 City of Jackson municipal elections. Therefore, we make clear that on the remand the parties shall be free, subject to the initial control of the District Judge, to offer further evidence, to be considered in conjunction with the present record which need not be repeated. Furthermore, we direct that reconsideration and decision of this case be expedited by the Trial Court and declare that the parties are entitled to an expedited appeal.[2]

VACATED and REMANDED.

---

1. See, e. g., *NLRB v. Alterman Transport Lines*, 587 F.2d 212, 220 (5th Cir. 1979); *Theriault v. Silber*, 547 F.2d 1279, 1280 (5th Cir.), *cert. denied*, 434 U.S. 871, 98 S.Ct. 216, 54 L.Ed.2d 150 (1977); *Costello v. Lipsitz*, 547 F.2d 1267, 1276–77 (5th Cir.), *cert. denied*, 434 U.S. 829, 98 S.Ct. 109, 54 L.Ed.2d 88 (1977).

2. In order to assure an expedited appeal, this matter may be routinely assigned by the Clerk to the appropriate panel (without further screening classification). The record, as supplemented on remand, shall be filed within 30 days of the District Court's supplemental findings of fact and conclusions of law and opinion (if filed), with appellant's brief to be filed within 15 days after such filing and the reply within 15 days thereafter.