Doyle Dewayne COURTNEY,
Plaintiff–Appellant,

v.

Gene REEVES et al.,
Defendants–Appellees.

No. 81–2008.

United States Court of Appeals,
Fifth Circuit.

Unit A

Jan. 9, 1981.

Doyle D. Courtney, pro se.

Briscoe, Powell & Taylor, Frank Briscoe, Houston, Tex., for defendants–appellees.

Before GEE, RUBIN and RANDALL, Circuit Judges.

PER CURIAM:

This case is before us on Plaintiff–Appellant Doyle Dewayne Courtney's motions for leave to proceed *in forma pauperis* and for appointment of appellate counsel. The court below dismissed his lawsuit, which was brought under 42 U.S.C. §§ 1983, 1985(b), and 1986 (1976), against Sheriff Gene Reeves and Deputies Sammy Prestwood and Charles Bexley of Montgomery County, Texas.[1] We grant Courtney's petition to appeal *in forma pauperis*, and order that the appeal be docketed. We deny as unnecessary his motion to appoint counsel. For the reasons set out below, we vacate the judgment of the district court and remand for further proceedings.

## I. FACTUAL BACKGROUND LEADING TO THIS APPEAL

Courtney is a state prisoner proceeding pro se. He pleaded guilty in state court to charges of aggravated robbery stemming from his and a companion's theft of lumber from a construction site. While making their escape in a pickup truck, Courtney and his companion were pursued by Deputies Prestwood and Bexley in their patrol car. Courtney was in the bed of the truck with the lumber. During the chase, shots were fired by both Courtney and the deputies; Courtney was wounded four times before the deputies finally succeeded in forcing the truck to a halt.

---

**1.** The extent to which an allegation of a class-based animus is necessary to state a claim under § 1985(b) is a matter that is currently pending before this court en banc. *See Kimble v. D. J. McDuffy, Inc.*, 623 F.2d 1060 (5th Cir.), *vacated for rehearing en banc*, 629 F.2d 1159 (5th Cir. 1980) (slip op. 814, Oct. 17, 1980). Under prior law in this circuit, Courtney could not recover under a § 1985(b) conspiracy theory because he has failed to allege that he was the victim of a class–based discrimination. *E. g., Henzel v. Gerstein*, 608 F.2d 654, 659 (5th Cir. 1979); *Crowe v. Lucas*, 595 F.2d 985, 990 (5th Cir. 1979). Section 1986, in turn, creates an additional cause of action for refusal to take affirmative action in certain circumstances to prevent the commission of an act giving rise to a claim under § 1985; absent a claim of conspiracy under § 1985, however, there can be no recovery under § 1986. *E. g., Hamilton v. Chaffin*, 506 F.2d 904 (5th Cir. 1975). For our present purposes, this precise issue is irrelevant, since "[c]onspiracies to deprive a person of his constitutional rights are, however, also cognizable under § 1983, ... which does not require a showing of class–based discrimination as a prerequisite to liability." *Crowe v. Lucas, supra*, 595 F.2d at 990 (citation omitted).

Unsurprisingly, Courtney's version of the facts surrounding the exchange of shots differs considerably from that offered by the defendants in their answer. Courtney contends that after the deputies had begun shooting at him, he fired one shot in an attempt to disable the deputies' patrol car; that immediately after firing the one shot, he dropped his weapon; that he also pushed some of the stolen lumber out of the bed of the truck in hopes that he could raise the truck's tailgate to deflect the deputies' fire; and that he was shot repeatedly after dropping his weapon, while lying with his back to the deputies' patrol car in an attempt to "play dead" so that they would cease their fire.

Courtney also contends that the defendants conspired to cover up their use of excessive force, and that as part of that cover–up attempt, he was coerced into confessing and pleading guilty to the aggravated theft charge. In connection with this contention, he alleges that during the trial of Richard Charles Hopson (Courtney's companion during the theft), Deputy Prestwood perjured himself while testifying about the exchange of shots. Courtney also alleges that while he was in jail awaiting trial, he learned from other prisoners about the possibility of filing a federal civil rights action, and discussed this possibility with his wife. At this point, he alleges, some of his incoming and outgoing mail disappeared, and his wife was threatened with indictment for harboring a fugitive. Courtney interpreted this as a warning not to pursue any federal civil rights remedies he might have. Finally, he alleges that the conviction resulting from his subsequent guilty plea was for "an offense that did not occur"–by which he presumably means that, because of the circumstances surrounding the exchange of the shots, the theft was not truly aggravated.

The defendants' unverified answer denied that they had violated any of Courtney's civil rights. It first asserted that Courtney's action was barred by the two–year statute of limitations contained in Tex.Rev. Civ.Stat.Ann. art. 5526 (Vernon 1958 & 1979 Supp.).[2] The defendants' answer also set forth their version of the circumstances of the shooting. After responding to a "burglary in progress" call at the site of a new home under construction, the two deputies gave pursuit to Courtney's pickup truck in their patrol car. During the high–speed chase, Courtney stood up from the bed of the truck and fired approximately five times at the car of a witness to the theft who had been attempting to get the license number of Courtney's truck. With Deputy Prestwood driving, the deputies caught up to Courtney's truck and Deputy Bexley attempted to shoot out the truck's tires with a twelve gauge shotgun. At this point, according to the defendants' answer, Courtney stood up and fired at the patrol car, striking it in the left front grill and the left front windshield. Deputy Bexley returned the fire, striking Courtney several times before the truck eventually stopped.

In a separate pleading, the defendants moved the court to dismiss Courtney's suit, or, in the alternative, to grant summary judgment. The first asserted ground for dismissal was that the suit was barred by the Texas statute of limitations; the second was that Courtney had failed to state a claim. The alternate motion for summary judgment urged that Courtney was collaterally estopped from alleging that he was coerced into pleading guilty, and that by pleading guilty Courtney had waived "his rights to constitutional due process." Sheriff Reeves additionally urged that there was no allegation that he was a participant in or personally responsible for the conduct of his deputies.[3] Finally, the defendants

---

**2.** Although art. 5526 may be the applicable statute of limitations, this contention has no merit. For persons under disability–specifically including prisoners–Tex.Rev.Civ.Stat.Ann. art. 5535 (Vernon Supp. 1980) by its terms tolls the limitations period that would otherwise apply under art. 5526. *Miller v. Smith*, 625 F.2d 43 (5th Cir. 1980) (on rehearing from 615 F.2d

1037 (5th Cir. 1980)). *See also Grundstrom v. Darnell*, 531 F.2d 272, 273 (5th Cir. 1976).

**3.** We do not pass on this contention because it was not relied upon by the district court. It is, however, available to Sheriff Reeves on remand. *See Henzel v. Gerstein*, 608 F.2d 654, 658 (5th Cir. 1979).

urged that Courtney lacked standing to complain of Deputy Prestwood's alleged perjury in the trial of Hopson.

The district court entered a summary judgment dismissing Courtney's action with prejudice. The court characterized Courtney's complaint as follows: "The gist of plaintiff's complaint is that his arrest, prosecution and conviction were accomplished in violation of the Constitution." The court first concluded that under *Martin v. Delcambre*, 578 F.2d 1164, 1165 (5th Cir. 1978), Courtney is collaterally estopped from relitigating the facts undergirding his claims so long as the state–court conviction is still valid. The court also agreed with the defendants that Courtney could not bring suit for the deprivation, through Deputy Prestwood's alleged perjury, of Hopson's constitutional rights. The court last concluded that "in light of the numerous adminssions [*sic*] of felonious conduct and attempts to evade capture and conviction contained in plaintiff's complaint, plaintiff's compensation [*sic*] are patently frivolous." None of the materials authorized by Fed.R.Civ.P. 56 as a basis for summary judgment had been filed. The dismissal was, therefore, in fact based only on the allegations of the parties.

In response to Courtney's subsequent motion under Fed.R.Civ.P. 60(b) to reconsider the order of dismissal, the court stated:

> In light of plaintiff's admission that he fired upon the defendants with a shotgun and attempted to halt the officers' pursuit by dropping stolen lumber in the path of their vehicle, plaintiff's allegation of "attempted murder" is patently frivolous. 28 U.S.C. § 1915(d). Furthermore, the bare allegation that the defendants "entered into a conspiracy . . . to cover up and keep from being made public the attempt on plaintiff's life" is insufficient to state a claim for relief under the Civil Rights Act. *Henzel v. Gerstein*, 608 F.2d 654 (5th Cir. [1979]).

The court accordingly denied Courtney's motion to reconsider the dismissal, as well as his motion for leave to appeal *in forma pauperis*.

## II. DID THE DISTRICT COURT ERR IN DISMISSING COURTNEY'S SUIT?

■ When construed liberally, *see, e. g.*, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Lewis v. Bragan*, 576 F.2d 678, 679 (5th Cir. 1978); *Clayton v. Shaw*, 548 F.2d 1155 (5th Cir.), cert. denied, 434 U.S. 873, 98 S.Ct. 220, 54 L.Ed.2d 153 (1977), Courtney's complaint states at least three causes of action under section 1983, reaching both substantive violations of his civil rights and conspiracies to violate those rights. The first claim is that the officers used excessive force in effectuating a lawful arrest.

> [I]t [is] clear that the constitutional right to due process of law includes not only the right to be tried in a court of law for alleged offenses against the state, but also a right not to be treated with unreasonable, unnecessary or unprovoked force by those charged by the state with the duty of keeping accused and convicted offenders in custody.

*United States v. Stokes*, 506 F.2d 771, 776 (5th Cir. 1975) (criminal case under 18 U.S.C. § 242 (1976), citing cases under its civil counterpart, section 1983). "[A] technically lawful arrest can be accomplished by the use of excessive force." *Hernandez v. City of Los Angeles*, 624 F.2d 935, 938 (9th Cir. 1980); *Williams v. Liberty*, 461 F.2d 325, 327 (7th Cir. 1972). Courtney is not necessarily collaterally estopped under either *Allen v. McCurry*, ---- U.S. ----, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), or *Martin v. Delcambre*, 578 F.2d 1164 (5th Cir. 1978), from raising this excessive force cause of action. That Courtney previously admitted to assaulting a police officer does not negate the possibility that the officer's alleged force--*i. e.*, firing numerous times prior to Courtney's assault and wounding Courtney four times *after* he dropped his weapon--was excessive. *See Hernandez, supra.*

■ With regard to Courtney's other two causes of action, he has alleged an interruption of mail services and harassment of his wife in direct response to his inquiries con-

cerning bringing a civil rights action, and that he was coerced into pleading guilty to the aggravated robbery charge despite his belief that he had not unjustifiably put Deputy Bexley in fear of imminent bodily injury. Though inartfully pleaded, he has made more than mere conclusional allegations of conspiracy. While we of course express no views as to the merits of his allegations, we cannot say that it is beyond doubt that Courtney "can prove no set of facts in support of his claim[s] which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Lewis v. Bragan, supra*, 576 F.2d at 679. The complaint, thus interpreted, raised genuine issues of material fact, and Rule 56 should have been complied with.

 Although Courtney characterizes his suit as a section 1983 claim in which he seeks only damages, we held in *Fulford v. Klein*, 529 F.2d 377, 381 (5th Cir. 1976), *adhered to on rehearing en banc*, 550 F.2d 342 (5th Cir. 1977), that the propriety of actions brought under section 1983 is not to be determined solely on the basis of the relief sought–*i. e.*, it cannot simply be asserted that prisoners' actions for money damages may go forward while actions for injunctive relief may not. Rather, habeas corpus is the exclusive initial cause of action when the basis of the claim goes to the constitutionality of the state–court conviction. Courtney's coerced guilty plea cause of action clearly goes to the constitutionality of his state–court conviction; it therefore is subject to the requirement that he have exhausted his available state–court remedies. *Id.; see also Grundstrom v. Darnell*, 531 F.2d 272, 273 (5th Cir. 1976). On remand, the district court should consider whether Courtney's coerced plea cause of action under section 1983 should be dismissed without prejudice. It is settled, however, that Courtney can proceed with those section 1983 claims that do not attack indirectly the validity of his conviction without any showing of exhaustion of state–court remedies. *See Meadows v. Evans*, 529 F.2d 385, 386 (5th Cir. 1976), *adhered to on rehearing en banc*, 550 F.2d 345

(5th Cir.), *cert. denied*, 434 U.S. 969, 98 S.Ct. 517, 54 L.Ed.2d 457 (1977); *Delaney v. Giarrusso*, 633 F.2d 1126, 1128, 1129 (5th Cir. 1980).

Given the nature and circumstances of this case, summary action by this court is appropriate. *E. g., Dickinson v. Wainwright*, 626 F.2d 1184, 1186 (5th Cir. 1980); *Johnson v. Hardy*, 601 F.2d 172, 174 n.1 (1979). On remand, Courtney will have the opportunity to re–urge his motion for appointment of trial counsel. We express no opinion as to whether or not his claims will survive a motion for summary judgment, properly supported, after he has been given the opportunity to demonstrate whether or not there remain genuine issues of material fact.

VACATED and REMANDED.