Eugene AYLER, etc., Plaintiff,

v.

Joseph HOPPER, Deputy Commissioner of Corrections for the State of Alabama, sued in his individual capacity, Defendant.

Civ. A. No. 80–341–N.

United States District Court, M. D. Alabama, N. D.

April 29, 1981.

Ira Burnim and John L. Carroll, Montgomery, Ala., and Paul Heffler, Birmingham, Ala., for plaintiff.

W. Scears Barnes, Alexander City, Ala., for defendant.

## ORDER

MYRON H. THOMPSON, District Judge.

This cause is before the Court on the plaintiff's February 25, 1981, "first motion in limine." By said motion, the plaintiff requests a decision by the Court prior to trial or, alternatively, prior to closing argument at trial, on the plaintiff's request that the jury in this case be instructed that "because it is unconstitutional, Alabama's 'fleeing felon' statute, *Alabama Code* § 13A–3–27 (Supp.1980), did not privilege defendant Hopper to use deadly force to effect Arthur Ayler's arrest on March 15, 1981." As grounds for the motion, the plaintiff argues that unless the Court's decision on the requested instruction is made known to the parties prior to trial or, at least, prior to closing argument, the plaintiff will find it extremely difficult if not impossible to prepare adequately his case for trial and to prepare and present adequately his argument to the jury at the close of his case. Upon consideration of the motion, the arguments and briefs of the parties in connection therewith, and for good cause, the Court is of the opinion that the motion for a pretrial decision on the plaintiff's requested instruction should be granted.

Accordingly, as to the plaintiff's above requested instruction, the decision of the Court is that the instruction must be refused. In this case, the plaintiff seeks recovery from the defendant on essentially two causes of action: (1) his federal cause of action under 42 U.S.C. § 1983 for deprivation of a constitutional right under color of state law, and (2) his pendent state cause of action under Ala.Code § 6–5–410 for wrongful death.

As to the first, section 1983 cause of action, it has long been established that in interpreting the scope of section 1983, courts are

not bound by the state law of torts or the defenses of privilege that law provides. In an unbroken line of Supreme Court cases which includes *Ex parte Virginia*, 100 U.S. 339, 346, 25 L.Ed. 676 (1879); *United States v. Classic*, 313 U.S. 299, 326, 61 S.Ct. 1031 [1043], 85 L.Ed. 1368 (1941); *Screws v. United States*, 325 U.S. 91, 109–11, 65 S.Ct. 1031 [1039], 89 L.Ed. 1495 (1945); *Williams v. United States*, 341 U.S. 97, 71 S.Ct. 576, 95 L.Ed. 774 (1951); *Monroe v. Pape*, 365 U.S. 167, 183–87, 81 S.Ct. 473 [481–484], 5 L.Ed.2d 492 (1961); *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed. 288 (1967), and *Scheuer v. Rhodes*, 416 U.S. 232, 237–38, 94 S.Ct. 1683 [1686], 40 L.Ed.2d 90 (1974), the conduct of police officers and other state officials has, both civilly (*Monroe, Pierson, Scheuer*) and criminally (*Classic,*

*Screws, Williams* ), been held subject to standards demanded by the Constitution of the United States, regardless of approbation by state law.

*Jones v. Marshall*, 528 F.2d 132, 137 (2d Cir. 1975) (footnote omitted). As the Fifth Circuit recently stated, the question for decision in a section 1983 action is "whether [the defendant's] conduct—independent of its lawfulness or unlawfulness at state law—was sufficiently egregious as to be 'constitutionally' tortious." *Williams v. Kelley*, 624 F.2d 695, 697 (5th Cir. 1980). The existence of a state statute, regulation or policy purporting to authorize allegedly constitutionally tortious conduct is not relevant to the determination of whether such conduct is in fact constitutionally tortious. Such a state statute, etc., becomes relevant in a section 1983 action only insofar as, a constitutional deprivation having been established, the statute tends to support or undercut a defense of good faith immunity. *See, e.g., Williams v. Board of Regents*, 629 F.2d 993 (5th Cir. 1980). As is well established, a state official such as the defendant here does not enjoy good faith immunity from liability for damages under section 1983(1) "if he knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the [person] affected," *Wood v. Strickland*, 420 U.S. 308, 322, 95 S.Ct. 992, 1001, 43 L.Ed.2d 214 (1975); *see, e.g., Cruz v. Beto*, 603 F.2d 1178, 1185 (5th Cir. 1979); or (2) "if he took the action with the malicious intention to cause a deprivation of constitutional rights or other injury to the [person]," *Wood v. Strickland, supra*, 420 U.S. at 322, 95 S.Ct. at 1001; *see, e.g., Cruz v. Beto, supra*, 603 F.2d at 1185–86. The first condition is commonly said to embody a test for 'objective' good faith, and the second a test for 'subjective' good faith. A state statute authorizing or prohibiting certain conduct might be relevant evidence on the question of whether the asserted unconstitutionality of the conduct was 'clearly established,' a determination essential to a finding as to 'objective' good faith. *See generally Procunier v. Navarette*, 434 U.S. 555, 98 S.Ct. 855,

55 L.Ed.2d 24 (1978). Such a statute might also be relevant evidence on the question of a defendant's actual intent, a determination essential to a finding as to 'subjective' good faith. In either case, the relevant consideration is not the constitutionality of the statute but rather whether a defendant believed and should reasonably have believed that the statute was valid. Thus, even if a state statute is unconstitutional, a defendant relying on the statute in 'objective' and 'subjective' good faith is entitled to immunity from liability for damages under section 1983. Because the plaintiff's requested instruction suggests otherwise, it must, with regard to the plaintiff's section 1983 claim, be refused.

■ Similarly, as to state causes of action for wrongful death, such as the one alleged by the plaintiff in this case, the principle appears to be well established that reliance on a state statute authorizing an allegedly wrongful act will constitute a defense to an action based on that act, even if the statute itself is unconstitutional, if the defendant charged with the act believed and had reason to believe that the statute authorizing it was valid. *See Pierson v. Ray*, 386 U.S. 547, 555, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967). Again, because the plaintiff's requested instruction suggests otherwise, it must, with regard to the plaintiff's wrongful death cause of action, also be refused.

Presumably the plaintiff is familiar with the above and actually seeks by his first motion in limine an indication of what the Court understands to be the constitutional standards governing the plaintiff's section 1983 claim and the defendant's asserted good faith immunity defense. Because these standards have been the subject of extensive briefs by the parties, and because pretrial knowledge of the Court's understanding of these standards is likely to be crucial to the effective prosecution and defense of this case and in general to its orderly disposition, the Court finds it appropriate and desirable to inform the parties at this time of its understanding of these standards.

It is clear to the Court that the use of deadly force by a prison official to stop an escaping felon is constitutionally tortious unless the official has good reason to believe that the use of such force is necessary to prevent imminent, or at least a substantial likelihood of, death or great bodily harm. As the Chief Justice wrote in his dissent in *Bivens v. Six Unknown Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971):

> Freeing either a tiger or a mouse in a schoolroom is an illegal act, but no rational person would suggest that these two acts should be punished in the same way. From time to time judges have occasion to pass on regulations governing police procedures. I wonder what would be the judicial response to a police order authorizing "shoot to kill" with respect to every fugitive. It is easy to predict our collective wrath and outrage. We, in common with all rational minds, would say that the police response must relate to the gravity and need; that a "shoot" order might conceivably be tolerable to prevent the escape of a convicted killer but surely not for a car thief, a pickpocket or a shoplifter.

403 U.S. at 419, 91 S.Ct. at 2016 (Burger, C. J., dissenting). *See, e.g., Hebah v. United States*, 197 Ct.Cl. 729, 456 F.2d 696, 709 (1972) ("standard by which an officer's conduct with respect to the use of deadly force is measured is whether he had grounds to reasonably believe that his life or the lives of others were in immediate danger of death or serious bodily harm...."). *Cf. Sauls v. Hutto*, 304 F.Supp. 124, 131–32 (E.D.La.1969) (Rubin, J.) (construing Louisiana law). *See generally Courtney v. Reeves*, 635 F.2d 326, 329 (5th Cir. 1981) (it is clear that the constitutional right to due process of law includes not only the right to be tried in a court of law for alleged offenses against the state, but also a right not to be treated with unreasonable, unnecessary or unprovoked force by those charged by the state with the duty of keeping accused and convicted offenders in custody); *George v. Evans*, 633 F.2d 413, 416 (5th Cir. 1980). To the extent that Ala.Code § 13A–3–27 (Supp.1980) purports to authorize the use of deadly force in situations where the use of such force is not necessary to prevent imminent, or at least a substantial likelihood of, death or bodily harm—as the statute certainly appears to do—* it is unconstitutional.

The above stated principle will govern the determination of whether there occurred in this case a deprivation of a constitutional right. However, because the Court cannot fairly say that this principle was 'clearly established' at the time of Arthur Ayler's death, the principle cannot be used to evaluate the defendant's claim of good faith immunity. *See generally Procunier v. Navarette, Supra.*

Accordingly, it is ORDERED:

(1) That the plaintiff's motion in limine, to the extent that it requests that this Court decide prior to trial whether it will grant the plaintiff's jury instruction on the unconstitutionality of Alabama's 'fleeing felon' statute, be and the same is hereby granted; and

(2) That the plaintiff's jury instruction on the unconstitutionality of Alabama's

---

* Compare Ala.Code § 13A–3–27 (Supp.1980) with Ala.Code § 13A–3–27 (1977), *repealed* 1979. The former statute provided in part that:

(b) A peace officer is justified in using deadly physical force upon another person ... only when he reasonably believes it is necessary:

(1) To make an arrest or to prevent the escape from custody of a person whom he reasonably believes:

a. Has committed or attempted to commit a felony involving the use of deadly physical force, or

b. Is attempting to escape by the use of a deadly weapon, or

c. Otherwise indicates that he is likely to endanger human life or to inflict serious physical injury unless apprehended without delay....

    *     *     *     *     *     *

(h) A guard or peace officer employed in a detention facility is justified:

(1) In using deadly physical force when and to the extent that he reasonably believes it necessary to prevent what he reasonably believes to be the escape of a prisoner accused or convicted of a felony from the maximum security portion of any detention facility, or from armed escort or guard.

'fleeing felon' statute be and the same is hereby refused.