Myrtle Green **BURTON**, et al,
**Plaintiffs-Appellants,**

v.

**STATE OF MISSISSIPPI, et al, Defendants.**

**City of Jackson, Defendant-Appellee.**

No. 80–3889.

United States Court of Appeals,
Fifth Circuit.
Unit A

July 7, 1981.

Robert F. Mullen, Ralph L. McAfee, Thomas D. Barr, New York City, Constance Slaughter Harvey, Forest, Miss., Frank R. Parker, Lawyers' Committee for Civil Rights Under Law, Jackson, Miss., for plaintiffs-appellants.

Robert G. Nichols, Jr., Rufus Creekmore, Jackson, Miss., for defendant-appellee.

Before BROWN and GARZA, Circuit Judges, and BEER,* District Judge.

* District Judge for the Eastern District of Louisiana, sitting by designation.

---

PER CURIAM:

In 1974 this Court in a painstaking opinion[1] which canvassed practically every aspect of the responsibility of each and every person proved to have fired weapons in the supposed "riot" situation at Jackson State University held that the City of Jackson was immune from § 1983 liability because it was not a "person". For this conclusion the Court had unquestioned, unassailable, incontrovertible authority in *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

Then came along *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), which overruled this holding of *Monroe*. With this development the unsuccessful plaintiffs seek under F.R.Civ.P. 60(b)(5) and (6) to revive, or more accurately, pursue a new or expanded claim against the City.

Assuming, without deciding, that 60(b)(5) and (6) would afford this relief,[2] we conclude that this belated reversal of the prior judgment would be inappropriate.

The fact is that up to the jury verdict, *Monroe* cut no significant figure in the *trial* of the case in the Trial Court. Neither by pleadings, evidence introduced or offered, theories of liability[3] advanced, or the Judge's submission to the jury, did the spectre of *Monroe* affect anything done or not done. Indeed, on a submission to the jury the jury returned a verdict in favor of the City.

Considering that, despite stringent findings by our opinion that "[t]he barrage of gunfire far exceeded the response that was appropriate...," *Waller*, 502 F.2d at 1271, that seven officers "were guilty of tortious conduct as a matter of law," *id.* at 1286, the firing was "beyond the physical limits of justifiable response," *id.* at 1272, and the shootings were the result of "an excessive cumulated use of deadly force," *id.*, we nevertheless held that the liability of each of the actors was a question for the jury whose verdict was in favor of all defendants and against the plaintiffs. Although not formally treated within that opinion, the opinion is convincing that the result[4] would have been the same as to the verdict in favor of the City had not *Monroe* foreclosed the whole issue.

1. *Burton v. Waller*, 502 F.2d 1261 (5th Cir. 1974), *cert. denied*, 420 U.S. 964, 95 S.Ct. 1356, 43 L.Ed.2d 442, *reh. denied*, 421 U.S. 939, 95 S.Ct. 1668, 44 L.Ed.2d 95 (1975).

2. This is hotly contested, the plaintiffs pressing, among others, *Marrero v. City of Hialeah*, 625 F.2d 499 (5th Cir. 1980); *Michigan Surety Co. v. Service Machinery Corp.*, 277 F.2d 531 (5th Cir. 1960); *Tarkington v. United States Lines Co.*, 222 F.2d 358 (2d Cir. 1955); *Tsankonitas v. Transpacific Carriers Corp.*, 322 F.Supp. 722 (S.D.N.Y.1970); *Griffin v. State Bd. of Educ.*, 296 F.Supp. 1178 (E.D.Va.1969), and the City countering with *Marshall v. Bd. of Educ.*, 575 F.2d 417 (3rd Cir. 1978); *Lubben v. Selective Service System Local Board No. 27*, 453 F.2d 645 (1st Cir. 1972); *Title v. United States*, 263 F.2d 28 (9th Cir. 1959); *Collins v. City of Wichita*, 254 F.2d 837 (10th Cir. 1958); *Elgin Watch Co. v. Barrett*, 213 F.2d 776 (5th Cir. 1954); *Berryhill v. United States*, 199 F.2d [217] (6th Cir. 1952); 7 Moore's Federal Practice ¶ 60.26.

3. The theory in the Trial Court was essentially on *Respondeat Superior*. Now the appellants assert an extension of this approach on the theory, differently phrased, that by Lt. Magee, being in full operational command of the armed force the excessive or improvident firing of weapons by anyone, whether a member MHP, National Guard, or City Police, may be attributable to his employer, the City of Jackson. If this constitutes a new theory, the opportunity to assert it was fully open on the original trial and the change from *Monroe* to *Monell*, neither affected opportunity or gives any right because of this change to now assert it.

4. The theory now advanced is that with an overall institutional responsibility for all members of the armed group concentrating liability in the City, the problems of causation as to individual officers would be eliminated. Certainly, *Monroe* did not keep plaintiffs from asserting or trying to prove the facts to sustain this theory. Release by *Monell* from *Monroe* should not afford a basis for affording a second chance to expand either theory or opportunity for proof.

The denial of Rule 60(b)(5) and (6) was justified.

AFFIRMED.