Henry J. KIRKSEY, et al.,
Plaintiffs-Appellants,

v.

CITY OF JACKSON, MISSISSIPPI, et
al., Respondents-Appellees.

No. 81–4058.

United States Court of Appeals,
Fifth Circuit.*

Unit A

March 5, 1982.

Frank R. Parker, Jackson, Miss., Barbara Y. Phillips, Washington, D. C., for plaintiffs-appellants.

Irving L. Gornstein, Atty., U. S. Dept. of Justice, Washington, D. C., amicus curiae.

Howard C. Ross, Jr., City Atty., Thomas G. Lilly, Joseph P. Wise, Richard D. Gamblin, Jackson, Miss., for respondents-appellees.

## ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

Before MARKEY,** Chief Judge, and GEE and POLITZ, Circuit Judges.

PER CURIAM:

In their application for rehearing, appellants challenge our decision on the question of judicial inquiry into the motivation of the voters in the referendum election. Our opinion, 663 F.2d 659 (5th Cir. 1981), holds that an individual voter may not be subjected to judicial examination concerning how he voted or why he personally voted in that fashion. We affirm that conclusion. However, we specially note that our decision is not to be misunderstood as holding or suggesting that, in a proper case, the motivation of the electorate may not be examined by the introduction of

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

** Court of Customs & Patent Appeals, sitting by designation.

either direct or circumstantial evidence. The latter inquiry may be a proper inquiry. The referendum process may not be used to legitimate an unconstitutional act. *See Hunter v. Erickson*, 393 U.S. 385, 89 S.Ct. 557, 21 L.Ed.2d 616 (1969); *Reitman v. Mulkey*, 387 U.S. 369, 87 S.Ct. 1627, 18 L.Ed.2d 830 (1967); *Lucas v. Colorado General Assembly*, 377 U.S. 713, 84 S.Ct. 1459, 12 L.Ed.2d 632 (1964). But the record in the case before us does not establish that type of abuse of the electoral process.

With this clarification, the application for rehearing is DENIED and no member of this panel nor Judge of this Administrative Unit in regular active service having requested that the Court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 16; Fifth Circuit Judicial Council Resolution of January 14, 1981), the suggestion for Rehearing En Banc is DENIED.