**Henry J. KIRKSEY, et al.,
Plaintiffs-Appellants,**

v.

**CITY OF JACKSON, Mississippi, et al.,
Defendants-Appellees.**

No. 82–4559
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 9, 1983.

See also, 5th Cir., 663 F.2d 659.

Lawyers' Committee for Civil Rights Under Law, Frank R. Parker, Washington, D.C., Patricia M. Hanrahan, Jackson, Miss., for plaintiffs-appellants.

Thomas G. Lilly, Richard D. Gamblin, Wise, Carter, Child & Caraway, Jackson, Miss., for defendants-appellees.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

The plaintiffs seek to reopen a case, previously disposed of by a final judgment of dismissal, by a motion invoking the rule that permits a party to be relieved from "a final judgment, order, or proceeding" if "it is no longer equitable that the judgment should have prospective application." Fed. .R.Civ.P. 60(b)(5). Because the judgment of

dismissal is not prospective in effect, we affirm the judgment of the district court denying reopening.

## I.

A class consisting of all black citizens and black registered voters of the City of Jackson, Mississippi, asserted in 1977 that the at-large voting system employed in electing the three members of the Jackson City Council impermissibly dilutes black voting strength in violation of the thirteenth, fourteenth, and fifteenth amendments to the Constitution, Section 2 of the Voting Rights Act of 1965 (42 U.S.C. § 1973), and 42 U.S.C. §§ 1971 and 1983. After a bench trial, the district court held that the evidence presented did not establish that either the institution or maintenance of Jackson's at-large system was motivated by discriminatory intent. 461 F.Supp. 1282 (S.D. Miss.1978). We vacated the district court's judgment on appeal and remanded for reconsideration in light of the intervening decision of the Supreme Court in *City of Mobile v. Bolden,* 446 U.S. 55, 100 S.Ct. 1519, 64 L.Ed.2d 47 (1980). 625 F.2d 21 (5th Cir.1980). On remand, following a supplemental hearing, the district court rejected plaintiffs' demands and entered a judgment of dismissal. 506 F.Supp. 491 (S.D.Miss. 1981). We affirmed that decision. 663 F.2d 659 (5th Cir.1981), *reh'g denied and reh'g en banc denied,* 669 F.2d 316 (5th Cir.1982).

Thereafter, Congress adopted an amendment to section 2 of the Voting Rights Act of 1965, Pub.L. No. 97–205, § 3, 96 Stat. 131, 134 (June 19, 1982), and the Supreme Court rendered decisions in three cases involving related issues. *Rogers v. Lodge,* 458 U.S. 613, 102 S.Ct. 3272, 73 L.Ed.2d 1012 (1982); *Washington v. Seattle School District No. 1,* 458 U.S. 457, 102 S.Ct. 3187, 73 L.Ed.2d 896 (1982); and *Crawford v. Los Angeles Bd. of Educ.,* 458 U.S. 527, 102 S.Ct. 3211, 73 L.Ed.2d 948 (1982). Therefore, in 1982, the plaintiffs filed a motion to reopen this case in order that their claims could be reevaluated in light of these changes in the statutory and

decisional law on which the judgment of dismissal had been based. The plaintiffs appeal from the denial of their motion.

## II.

The two requirements for obtaining relief from a judgment under the section of Rule 60(b)(5) invoked by the plaintiffs are that (1) the judgment has prospective application and (2) it is no longer equitable that it should so operate. 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2863 (1973); 7 J. Moore & J. Lucas, *Moore's Federal Practice* 60.26[4] (2d ed. 1982).

Injunctions, orders of disbarment, and declaratory judgments have all been held to have prospective effect. 11 C. Wright & A. Miller, *supra,* at 205. The impact of such judgments is obviously continuing. We have considered whether a judgment of dismissal after a trial on the merits has such prospective application, but have reserved decision. *Burton v. State of Mississippi,* 650 F.2d 91, 92, *reh'g en banc denied,* 656 F.2d 700 (5th Cir.1981), *cert. denied,* 455 U.S. 913, 102 S.Ct. 1264, 71 L.Ed.2d 453 (1982).

A consent decree "declin[ing] plaintiffs' prayer for injunctive relief" prior to a trial on the merits "does not have the prospective effect or continuing operation that the rule requires." *Cook v. Birmingham News,* 618 F.2d 1149, 1150, 1152 (5th Cir.1980). The sole difference between that decree and a judgment of dismissal on the merits is that the decree was without prejudice while the judgment of dismissal is an adjudication on the merits and operates with prejudice. 9 C. Wright & A. Miller, *supra,* § 2373 (1971). If a dismissal would bar a new and independent action between the same parties based on the same claims, reasserted on the basis of the alleged changes in controlling law, and thus denies the plaintiffs the right to retry their claims in light of the changes in the statutory and decisional law applicable to their action, then it would have "prospective application" by virtue of the continuing effect of the bar. If, however, the way to assert these claims is open, then plaintiffs' motion

to reopen does not fall within the scope of Rule 60(b)(5).

### III.

In *Moch v. East Baton Rouge Parish School Bd.,* 548 F.2d 594 (5th Cir.), *cert. denied,* 434 U.S. 859, 98 S.Ct. 183, 54 L.Ed.2d 132 (1977), we held that the doctrine of res judicata would not bar a second suit, virtually identical to one that had been dismissed earlier, when there had been a change in the interim in the opinions of this court and the Supreme Court as to the proper constitutional standard to apply. The same principle applies to statutory changes, such as the amendment to section 2 of the Voting Rights Act, for, as Judge Wisdom has written, "Faced with changing law, courts hearing questions of constitutional right cannot be limited by res judicata. If they were, the Constitution would be applied differently in different locations." *Parnell v. Rapides Parish School Bd.,* 563 F.2d 180, 185 (5th Cir.1977), *cert. denied,* 438 U.S. 915, 98 S.Ct. 3144, 57 L.Ed.2d 1160 (1978).

The District of Columbia Circuit recognized the applicability of this principle to statutory changes in *Center for National Policy Review on Race and Urban Issues v. Richardson,* 534 F.2d 351 (D.C. Cir.1976). Commentators have also endorsed this practice: "In a matter of such public importance the policy of nationwide adherence to the authoritative constitutional interpretation overcomes the policies supporting the law of res judicata." Restatement (Second) of Judgments § 26 comment e, illustration 6 (1982). Although the Supreme Court has never explicitly held that principles of res judicata are not applicable in such a situation, it has indicated its likely approval of leaving the litigation path open. In *State Farm Mutual Automobile Insurance Co. v. Duel,* 324 U.S. 154, 162, 65 S.Ct. 573, 577, 89 L.Ed. 812, 819 (1945), the Court noted, as an alternate ground for its holding, that "res judicata is no defense where between the time of the first judgment and the second there has been an intervening decision or a change in the law creating an altered situa-

tion." *See also Jackson v. DeSoto Parish School Bd.,* 585 F.2d 726, 729 (5th Cir. 1978); *Dore v. Kleppe,* 522 F.2d 1369 (5th Cir.1975), *reh'g denied,* 526 F.2d 697 (5th Cir.1976) (res judicata is a principle of public policy and should be applied so as to give rather than deny justice).

### IV.

*Howell v. State Bar of Texas,* 674 F.2d 1027 (5th Cir.1982), *vacated,* —— U.S. ——, 103 S.Ct. 1515, 75 L.Ed.2d 942 (1983) and *Courtney v. Reeves,* 635 F.2d 326 (5th Cir. 1981) lend no support to the proposition that relief under Rule 60(b)(5) is available in this case. Although the plaintiff in *Howell* appealed both the district court's grant of the motion to dismiss and its denial of a Rule 60(b) motion for reconsideration of that dismissal, we considered only the judgment of dismissal in our opinion. After reversing the dismissal, there was no need to consider the Rule 60(b) motion. *Howell,* 674 F.2d at 1029. Similarly, in *Courtney* we vacated the district court's dismissal without considering its denial of the Rule 60(b) motion to reconsider the dismissal. *Courtney,* 635 F.2d at 327–29.

■ If the judgment of dismissal does not stand in the way of a new action, Rule 60(b)(5) does not apply by its terms. In addition, the issues can be more clearly and directly presented in a new action, one that does not carry either the freight of old issues or the weight of six years of no longer relevant briefs and papers. Economy of judicial administration can be accomplished by assigning the new case to the same judge if that is desirable.

■ In *Moch,* we held that a new action would lie if (1) a change in the applicable law clearly has occurred since the conclusion of the first action, thus rendering incorrect the legal principles under which the first action was decided and (2) application of traditional principles of res judicata would cause manifest injustice. 548 F.2d at 598. Thus, the judgment of dismissal in this case does not bar future actions in which the plaintiffs can retry their claims in light of any significant changes in statu-

tory or decisional law in the interim. As such, the judgment of dismissal is not prospective in effect, the plaintiffs' motion does not fall within the scope of Rule 60(b)(5), and the order of the district court denying this motion is AFFIRMED.