Lawrence E. MOCH et al.,
Plaintiffs-Appellants,

v.

**EAST BATON ROUGE PARISH SCHOOL BOARD et al.,
Defendants-Appellees.**

No. 75–2195.

United States Court of Appeals, Fifth Circuit.

March 11, 1977.

Rehearing Denied April 27, 1977.

616, 30 L.Ed.2d 679 (1972); *Georgia Power Co. v. Equal Employment Opportunity Commission,* 412 F.2d 462 (5th Cir. 1969).

Walter C. Dumas, Baton Rouge, La., for plaintiffs-appellants.

John F. Ward, Jr., Baton Rouge, La., for East Baton Rouge Parish School Bd., et al.

Before MORGAN and GEE, Circuit Judges, and HUNTER, District Judge *.

LEWIS R. MORGAN, Circuit Judge:

Plaintiffs Lawrence Moch, Press Robinson, and George Eames appeal the dismissal of their action challenging the apportionment of the East Baton Rouge Parish School Board [hereinafter Board]. After obtaining 1970 federal census figures, on October 14, 1971, the Board voluntarily reapportioned itself in order to comply with "one-man one-vote" requirements articulated in *Reynolds v. Sims,* 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964) and progeny. The Board submitted its reapportionment plan to the United States Attorney General, who interposed no objection. On May 17, 1972, plaintiff Press Robinson and others filed a class action,[1] pursuant to F.R. Civ.P. 23(b)(2), in which they challenged the constitutionality of the plan. Specifically, plaintiffs alleged that the multimember districts provided for in the reapportionment plan diluted the voting strength of black residents of East Baton Rouge in violation of the Thirteenth, Fourteenth, and Fifteenth Amendments of the United States Constitution. Pursuant to Fed.R.Civ.P. 12(b)(6), the United States District Court of the Middle District of Louisiana dismissed the action for failure to state a claim upon which relief could be granted. The Fifth

---

\* Senior District Judge for the Western District of Louisiana, sitting by designation.

1. Plaintiffs invoked federal jurisdiction pursuant to 28 U.S.C. §§ 1343(3), 2201, 2202 and 42 U.S.C. § 1983.

Circuit Court of Appeals affirmed, without opinion,[2] the district court's order.

■ Plaintiffs instituted the present action on October 10, 1974. Although plaintiffs did not denominate this claim as a class action, the complaint was otherwise almost identical to that filed in 1972. Again, plaintiffs challenged the constitutionality of the multimember districts in the East Baton Rouge School District. The district court granted the defendants' motion for dismissal, made pursuant to Fed.R. Civ.P. 12(b)(6),[3] on the ground that the 1972 judgment rendered the present cause of action res judicata. Plaintiffs appealed to this court.

■ Plaintiffs make only one meritorious argument:[4] that a change in this court's[5] and the Supreme Court's[6] opinions regarding the constitutionality of multimember districts has occurred since the 1972 dismissal. Accordingly, plaintiffs argue, had the district court in the 1972 action employed the present constitutional standards of multimember districts, it would not have dismissed the case.

■ The term "res judicata," in its broadest sense, covers four distinct types of preclusion: bar, merger, collateral estoppel, and direct estoppel. *See* Restatement of Judgments § 45, Comments (a), (b), (c) and (d) at 175–76 (1942). In the present case, we concern ourselves with the application of bar and collateral estoppel. Under the doctrine of bar, a judgment in a prior suit between the same parties bars a second suit on the same cause of action not only as to all matters offered at the first proceeding, but also as to all issues that could have been presented either for or against recovery. *Baltimore S.S. Co. v. Phillips,* 274 U.S. 316, 319, 47 S.Ct. 600, 71 L.Ed. 1069 (1927). *See* Restatement of Judgments § 48 (1942). Collateral estoppel, however, precludes relitigation of only those issues actually litigated in the original action, whether or not the second suit is based on the same cause of action. *Lawlor v. National Screen Service Corp.,* 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122 (1955). *See* Restatement of Judgments § 68 (1942). Here, defendants argue primarily that the 1972 judgment bars plaintiffs' present action in that both suits are based on the same cause of action. Defendants note that because the same issues presented in this suit were argued and determined at the first proceeding, collateral estoppel also precludes litigation of plaintiffs' claims.

■ Generally, a postjudgment change of circumstances, either factual or legal, does

2. *Bryant v. East Baton Rouge Parish School Board,* 72–3075 (5th Cir. February 9, 1973).

3. Generally, a party cannot base a 12(b)(6) motion on res judicata. That doctrine must be pleaded as an affirmative defense. 5 Wright and Miller, Federal Practice and Procedure: Civil ¶ 1357, at 604–610 (1st ed. 1969). Yet, if the trial court has treated the 12(b)(6) motion as one for summary judgment, its dismissal under 12(b)(6) is not reversible error. *Larter and Sons, Inc. v. Dinkler Hotel Co.,* 199 F.2d 854, 855 (5th Cir. 1952). Here, the district court held a hearing and treated defendants' motion more like a motion for summary judgment than like a 12(b)(6) motion.

4. Plaintiffs also argue that a change in fact, sufficient to negate the conclusiveness of the prior judgment, has occurred. That is, they contend that two Board elections, in which six blacks have run and lost, have been held since 1972. Prior to the 1972 action no election under the plan had been held; plaintiffs therefore argue that new evidence—the inability of blacks to gain seats on the school board—now exists. This subsequently occurring evidence cannot alter the finality of the 1972 action. 1B Moore's Federal Practice ¶ 0.415, at p. 2052 (2nd ed. 1974).

Plaintiffs do not argue that the technical requirements of res judicata were not met nor do they contend that the class in the first action was not adequately represented so as to prevent the conclusive effect of the first judgment; *see, Gonzales v. Cassidy,* 474 F.2d 67 (5th Cir. 1963). We, therefore, do not consider these issues.

5. *See, e. g., Zimmer v. McKeithen,* 485 F.2d 1297 (5th Cir. 1973), *aff'd sub nom., East Caroll Parish School Board v. Marshall,* 424 U.S. 636, 96 S.Ct. 1083, 47 L.Ed.2d 296 (1976). *See generally,* Bonapfel, *Minority Challenges to At-Large Elections: The Dilution Problem,* 10 Ga. L.Rev. 353 (1976).

6. *See, e. g., White v. Regester,* 412 U.S. 755, 93 S.Ct. 2332, 37 L.Ed.2d 314 (1973).

not alter that judgment's effect as a bar to later actions based on the same cause of action. 1B *Moore's Federal Practice,* ¶ 0.415, at p. 2051–52 (2nd ed. 1974).[7] Yet, courts have occasionally rejected strict application of bar and estoppel principles when their use would violate an overriding public policy or result in manifest injustice. *E. g., Dore v. Kleppe,* 522 F.2d 1369 (5th Cir. 1975) (res judicata is a principle of public policy and should be applied so as to give rather than deny justice); *Schlegel Manufacturing Co. v. USM Corp.,* 525 F.2d 775 (6th Cir. 1975), *cert. denied,* 425 U.S. 912, 96 S.Ct. 1509, 47 L.Ed.2d 763 (1976); *La Societe Anonyme des Parfums Le Galion v. Jean Patou, Inc.,* 495 F.2d 1265 (2nd Cir. 1974); *Kinnear-Weed Corp. v. Humble Oil and Refining Co.,* 403 F.2d 437 (5th Cir. 1968) (*en banc*); *Spiller v. Hankin,* 88 U.S. App.D.C. 206, 188 F.2d 35 (1951). *See generally* 1B *Moore's Federal Practice,* § 0.405[11]. Courts on some occasions have concluded that a change in the applicable law occurring after the first suit is a circumstance that renders application of bar or estoppel in a second suit inappropriate. *E. g., Texaco v. Hickel,* 141 U.S.App.D.C. 203, 437 F.2d 636 (1970); *Griffin v. State Board of Education,* 296 F.Supp. 1178 (E.D. Va.1969). Although the Supreme Court has not held explicitly that a change in law negates the finality of a prior suit in a context like that in this case, it has indicated some approval for the proposition. In *State Farm Mutual Automobile Insurance Co. v. Duel,* 324 U.S. 154, 65 S.Ct. 573, 89 L.Ed. 812 (1945), that Court stated, as an alternate ground for its holding, that "res judicata is no defense where between the time of the first judgment and the second there has been an intervening decision or a

change in the law creating an altered situation." 324 U.S. at 162, 65 S.Ct. at 577.

This panel has discovered three pertinent cases that involve the effect of a change in law on the conclusiveness of a prior judgment in which constitutional claims are involved.[8] In *Whitcomb v. Chavis,* 403 U.S. 124, 91 S.Ct. 1858, 29 L.Ed.2d 363 (1971), the Supreme Court, in a suit attacking the apportionment of Indiana's state legislature, rejected the defendant's argument that an earlier finding of validity foreclosed a later constitutional attack on the plan:

> Nor can we accept defendant's argument that the statutory plan was beyond attack because the District Court had held in 1965 that at that time the plan met the 'substantial equality' test of Reynolds. *Stout v. Bottorff,* 249 F.Supp. 488 (SD Ind.1965). . . . Here, the District Court did not order reapportionment as a result of population shifts since the 1965 Stout decision, but *only because the disparities among districts which were thought to be permissible at the time of that decision had been shown by intervening decisions of this Court to be excessive.*

*Id.* at 162–63, 91 S.Ct. at 1879, 29 L.Ed.2d at 387 (emphasis added).

In *Bronson v. Board of Education,* 525 F.2d 344 (6th Cir. 1975), *cert. denied,* 425 U.S. 934, 96 S.Ct. 1665, 48 L.Ed.2d 175 (1976), the Sixth Circuit Court of Appeals confronted an allegation of a change in applicable law occurring after a school desegregation decision, *Deal v. Board of Education,* 369 F.2d 55 (6th Cir. 1961), *cert. denied,* 389 U.S. 847, 88 S.Ct. 39, 19 L.Ed.2d 114 (1967), to which defendants argued that plaintiffs in a later case were bound. Ex-

---

7. Moore indicates that while the same rule is applicable generally to estoppel, some jurisdictions have held that collateral estoppel, unlike bar, will not preclude a later suit brought after a change in the relevant law, if injustice would result. 1B Moore's Federal Practice, § 0.448, at 4731–34 (2nd ed. 1974). We do not decide, here whether such a distinction is generally valid.

8. While our research has revealed no case from the circuit directly on point, we have discover-

ed an order by this court, which, on July 29, 1976, directed the United States District Court of the Western District of Louisiana, in an action challenging the election districts of the Rapides Parish Police Jury, to effect a legal election under "present facts and law," freed from the restraint of this court's prior view of the law in an earlier challenge to the jury. *Parnell v. Rapides Parish School Board,* 425 F.Supp. 399 (W.D.La.1976).

amining the appropriateness of applying collateral estoppel to the second action, the court held that the alleged change of law was not sufficient to avoid preclusion of issues litigated in the first action. Implicitly, if a significant change had occurred, public policy would prevent application of traditional estoppel principles, in that "both [estoppel and bar] are qualified or rejected when their application would contravene an overriding public policy or result in manifest injustice." *Bronson,* 525 F.2d at 349, citing *Tipler v. E. S. duPont de Nemours & Co.,* 443 F.2d 125, 128 (6th Cir. 1971).

Finally, in *Griffin v. State Board of Education,* 296 F.Supp. 1178 (E.D.Va.1969), the United States District Court of the Eastern District of Virginia rejected application of bar and estoppel principles to an action challenging the constitutionality of state support of private schools where two intervening Supreme Court decisions had struck down plans similar to that approved in the prior case.

[The intervening Supreme Court decisions were] a substantial change in the law and ended further viability of our decision. Now to continue its efficacy would be unjust to those initially and now affected by that order.

Again, when as here private litigation has extensive implications of public import, the rule of res judicata or estoppel is not allowed to stultify reassessment of the prior decision. The public interest supersedes the private interest.

*Id.* at 1182.

■ This court is well aware of the value that the bar and estoppel doctrines serve in achieving a finality to litigation and in preventing harassment of a party and a waste of the court's resources through multiplicitous law suits. We are unwilling to hold, however, that they constitute an absolute from which we must never stray, even when a mechanical application would result in manifest injustice. Rather, we believe that the occasional adoption of an exception to the finality rule when public policy so demands does not undermine its general effectiveness. In the present case, plaintiffs claim that the state has violated certain fundamental rights by maintaining multimember voting districts that unconstitutionally dilute their vote. The court below granted defendants' motion to dismiss on the basis of the res judicata effect of a 1972 decision. Now plaintiffs aver that through an intervening change in law in both the Supreme Court and this circuit, present law would obtain a different result than that reached in the 1972 judgment of dismissal. We find merit in plaintiff's contention that the application of traditional finality principles, after a change in the appropriate law, could contravene public policy, especially in light of the importance of their constitutional claim and of the fact that plaintiffs never really had their day in court in 1972 since that complaint was dismissed merely on a 12(b)(6) motion. To apply such doctrines after a significant change in law governing the issue of multimember districts has occurred could mean that the East Baton Rouge Parish School Board would be allowed to continue *ad infinitum* a constitutionally infirm system outlawed everywhere else. We do not feel compelled to determine in this case whether a supervening change in the case law renders a subsequent claim a different cause of action, thus making collateral estoppel rather than bar applicable, or whether such a change constitutes an "altered circumstance" that renders bar, itself, inapplicable. If public interest in giving effect to changes in this important area of the law outweighs the Board's interest in finality under one doctrine, one would logically conclude that it would compel the same result under the other rule of preclusion. Therefore, we direct the district court to determine on remand: (1) whether a change in the applicable law clearly has occurred since 1972, thus rendering incorrect the legal principles under which the district court determined the case in 1972 and (2) assuming such a change has occurred, whether application of traditional res judicata principles would cause manifest injustice. If it answers both questions in the affirmative,

neither bar nor collateral estoppel should preclude the present action.

REVERSED and REMANDED.