Robert E. FINGAR, Plaintiff-Appellant,

v.

SEABOARD COAST LINE RAILROAD COMPANY, a Virginia Corporation, Defendant-Appellee.

No. 79–1491
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 16, 1979.

---

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Robert E. Fingar, pro se.

Toole, Taylor, Moseley, Gabel & Milton, Gary A. Bubb, Jacksonville, Fla., for defendant-appellee.

Before GOLDBERG, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

In this action to review an order of the Railroad Adjustment Board (Board), 45 U.S. C.A. § 153, subd. 1(q), denying relief for alleged grievances and for employment reinstatement, plaintiff appeals the district court's grant of summary judgment for defendant, claiming the district court erred in ruling his claims were barred by *res judicata*. We find that plaintiff is not entitled to relief since the Board properly dismissed his claim for failure to timely pursue administrative remedies, even though we agree the district court improperly applied the doctrine of *res judicata*. Consequently, we affirm.

■ Plaintiff's claims against his employer, Seaboard Coast Line Railroad (Seaboard), were presented to his superintendent pursuant to 45 U.S.C.A. § 153, subd. 1(i),

on September 9, 1965. A letter denying relief was mailed on September 28, 1965. Eighteen months later, on March 27, 1967, plaintiff appealed to the Board for review of the superintendent's findings. The Board denied relief on December 3, 1971, because the appeal was not timely. Article 32(d) of the controlling labor agreement provided that appeals from a superintendent's decision had to be taken within 45 days. Plaintiff waited eighteen months after the denial letter before trying to appeal. In a different case regarding claims not involved here this Court previously held plaintiff to be bound by the terms of the labor agreement. *Fingar v. Seaboard Air Line Railroad Co.*, 277 F.2d 698, 700, 701 (5th Cir. 1960). Accordingly, plaintiff's claim is time-barred from review and the district court's summary judgment for defendant is due to be affirmed.

The district court had granted Seaboard's motion for summary judgment on grounds of *res judicata*, without mentioning the out of time appeal to the Board. The court found that the instant case and an earlier action involved the same parties and the same claims, and was therefore barred.

The earlier action involved grievances filed in 1964 and 1965 regarding seniority rights and denials of work assignments while plaintiff was a Seaboard employee. Seaboard rejected those grievances. The Board denied relief for failure to take a timely appeal and the United States District Court for the Middle District of Florida likewise denied relief.

■ In the action here plaintiff, following his discharge for alleged insubordination, had presented additional grievances to Seaboard, seeking reinstatement and pay for work denied him just prior to his discharge. This was different from the claims made in the earlier actions, and not subject to the bar of *res judicata*.

Under the doctrine of bar, a judgment in a prior suit between the same parties bars a second suit on the same cause of action not only as to all matters offered at the first proceeding, but also as to all issues that could have been presented either for or against recovery.

*Moch v. East Baton Rouge Parish School Board,* 548 F.2d 594, 596 (5th Cir.), *cert. denied,* 434 U.S. 859, 98 S.Ct. 183, 54 L.Ed.2d 132 (1977).

The first action here involved grievances over seniority rights and denials of work assignments while plaintiff was still an employee of Seaboard. In the present case, plaintiff contests, among other things, his denial of reinstatement after termination for alleged insubordination. Plaintiff's complaints while still an employee involved matters in a different time frame than plaintiff's reinstatement claim. In fact, at one point in the instant action, plaintiff contended that he was dismissed *because* he persisted in filing the prior grievances against Seaboard. The claims asserted by plaintiff in the present action were distinct in time from those asserted in the first, and could not have been raised in the first administrative action. Accordingly, the present action is not barred by the first.

The court should have dismissed the claims because of an untimely appeal to the Board, rather than on *res judicata* grounds.

AFFIRMED.