7 F.3d 234
 RICO Bus.Disp.Guide 8390
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
QUALITY TECHNOLOGY COMPANY, Plaintiff-Appellant,
v.
STONE & WEBSTER ENGINEERING COMPANY, INC.; Stemar
Corporation; Steven A. White; Beta, Inc.,
Defendants-Appellees.
 Nos. 92-5434, 92-5628.
 United States Court of Appeals, Sixth Circuit.
 Sept. 23, 1993.
 
 Before: NORRIS and SILER, Circuit Judges; and KRUPANSKY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Quality Technology Company ("QTC") appeals the orders of the district court holding that this action is barred by the doctrine of res judicata and denying plaintiff's Fed.R.Civ.P. 60(b) motion. The issues are whether the district court: (1) erroneously held that this Racketeer Influenced and Corrupt Organizations ("RICO"), 18 U.S.C. § 1961, et seq., action is barred by the doctrine of res judicata because of plaintiff's prior action seeking damages for the same alleged injury; and (2) abused its discretion by denying plaintiff's motion to reopen this case under Fed.R.Civ.P. 60(b). For the following reasons, we AFFIRM the district court.
 
 I.
 
 2
 Tennessee Valley Authority ("TVA") hired QTC to perform certain interviewing, investigating, and consulting services at TVA's Watts Bar Facility, as part of the development and implementation of a program to address TVA employees' nuclear safety concerns. QTC alleges that defendants: (1) conspired to take control of TVA's nuclear energy program to manipulate contracting to their financial advantage; (2) persuaded TVA to contract with Steven A. White as manager of TVA's Office of Nuclear Power under terms that allowed him to violate federal conflict of interest laws and shield himself and his codefendants from criminal liability; (3) terminated QTC's contracts with TVA, "without good cause and [as] a pretext for a business and financial opportunity to the defendants at the expense and victimization of TVA and to cover up nuclear safety programs at TVA for [defendants'] own business purposes"; and (4) further (a) prevented QTC from entering into contracts with TVA and earning profits under those contracts; (b) caused QTC to incur expenses; and (c) destroyed QTC's business. QTC alleged a RICO claim for damages by asserting that defendants' conduct constituted a pattern of racketeering activity.
 
 
 3
 Defendants moved for summary judgment based on sovereign and qualified immunity on January 19, 1988. QTC moved to amend the pleadings on August 22, 1988. The court never ruled upon this second motion, but granted defendants' summary judgment motion on March 27, 1989, holding that: (1) defendants were absolutely immune from liability; (2) QTC failed to allege a constitutionally protected property or liberty interest; and (3) defendants were entitled to qualified immunity even if such interests existed.
 
 
 4
 QTC moved for rehearing and reconsideration under Fed.R.Civ.P. 59(e), arguing that defendants were not entitled to immunity because they "conspired to and did begin their tortious activity before defendant White assumed his position of power on January 13, 1986." The district court denied QTC's Rule 59 motion and granted defendants' summary judgment motion on June 1, 1989. On appeal, this court affirmed the district court, and denied QTC's motion for rehearing en banc. QTC filed a petition for a writ of certiorari, which was denied. See Quality Technology Co. v. Stone & Webster Eng'g Co., 745 F.Supp. 1331 (E.D.Tenn.1989), aff'd, 909 F.2d 1484 (6th Cir.1990), cert. denied, 111 S.Ct. 2052 (1991).
 
 
 5
 QTC alleged the same causes of action and damages in the second action, but added new defendants. The district court granted defendants' motion to dismiss, holding that QTC's claim was barred by res judicata. The court did not find an equitable or public policy reason for deviating from this doctrine. See Westwood Chemical Co. v. Kulick, 656 F.2d 1224, 1228-31 (6th Cir.1981); Henry v. Farmer City State Bank, 808 F.2d 1228, 1235 n. 6 (7th Cir.1986). The court did not address the issues of whether QTC stated a RICO claim or had standing.
 
 
 6
 QTC moved for relief under Fed.R.Civ.P. 60(b) on October 29, 1991, stating that "the record should be reopened to give due consideration to plaintiff's claims for recovery under the RICO Act on the basis of the newly discovered evidence as well as, or alternatively, to avoid a serious and substantial miscarriage of justice." QTC claimed that: (1) "newly discovered" evidence consisted of testimony from William E. Mason and Herbert S. Sanger, Jr.; and (2) it deposed witnesses who gave perjured testimony. The district court denied the Rule 60(b) motion on January 13, 1992.
 
 II.
 
 7
 Plaintiff argues that the district court erroneously applied the doctrine of res judicata to bar the second action, because QTC did not have a full and fair opportunity to litigate the issues relating to the added RICO claim. "The purpose of res judicata is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources." Westwood, 656 F.2d at 1227; see also Kremer v. Chemical Const. Corp., 456 U.S. 461, 485 (1982); Allen v. McCurry, 449 U.S. 90, 105 (1980); Montana v. United States, 440 U.S. 147, 164 (1979). Even if the requirements of res judicata are met, a court may refuse to apply the doctrine if it "would violate an overriding public policy or result in manifest injustice." Moch v. East Baton Rouge Parish Sch. Bd., 548 F.2d 594, 597 (5th Cir.), cert. denied, 434 U.S. 859 (1977); see also International Harvester Co. v. Occupational Safety & Health Review Comm'n, 628 F.2d 982, 986 (7th Cir.1980).
 
 
 8
 Defendants argue that this action is barred by the doctrine of res judicata. We agree. QTC is seeking damages for injuries resulting from the same transaction for which recovery was denied in the first action. The "nucleus of operative facts" consists of: (1) defendants' involvement in the termination of QTC's services by TVA; and (2) lost profits, business opportunities, and damage to QTC's reputation. "Where two successive suits seek recovery for the same injury, a judgment on the merits operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit." Cemer v. Marathon Oil Co., 583 F.2d 830, 832 (6th Cir.1978) (citations omitted).
 
 III.
 
 9
 Plaintiff argues that the district court erroneously granted defendants' summary judgment motion without addressing the pending motion to amend the complaint. See Thompson v. Superior Fireplace Co., 931 F.2d 372, 374 (6th Cir.1991); Ellison v. Ford Motor Co., 847 F.2d 297, 300 (6th Cir.1988); Marks v. Shell Oil Co., 830 F.2d 68, 70 (6th Cir.1987). However, res judicata is not destroyed because the district court did not consider QTC's motion to amend, as "theories which were the subject of an untimely motion to amend, filed in the earlier action, 'could have been brought' there" and may not be reasserted later. Nilsen v. City of Moss Point, 701 F.2d 556, 563 (5th Cir.1983). When the district court granted defendants' summary judgment motion and ordered the entire action be dismissed, it implicitly denied QTC's motion to amend its complaint. "While it is certainly the better practice to specifically rule on all pending motions, the determination of a motion need not always be expressed but may be implied by an entry of an order inconsistent with granting the relief sought." Wimberly v. Clark Controller Co., 364 F.2d 225, 227 (6th Cir.1966); see also Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 666 (5th Cir.), cert. denied, 454 U.S. 1098 (1981). Moreover, the issue has been waived because QTC failed to raise it in its first appeal. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 IV.
 Fed.R.Civ.P. 60(b) provides that:
 
 10
 On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
 
 
 11
 * * *
 
 
 12
 * * *
 
 
 13
 (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
 
 
 14
 (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.
 
 
 15
 * * *
 
 
 16
 * * *
 
 
 17
 The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.
 
 
 18
 See also Sunfire Coal Co. v. United Mine Workers, 335 F.2d 958, 962 (6th Cir.1964), cert. denied, 379 U.S. 990 (1965). In reviewing a denial of a Rule 60(b) motion, this court must determine whether the district court abused its discretion. Windsor v. United States Dep't of Justice, 740 F.2d 6, 7 (6th Cir.1984). However, the merits of the underlying judgment are not reviewable. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7. (1978). On March 27, 1989, the district court granted defendants' motion for summary judgment. On April 28, 1989, QTC moved to vacate the judgment and reopen the record under Rule 59(e), which the court denied. On October 29, 1991, QTC filed another motion to reopen the record under Rule 60(b), and argues for the first time on appeal that the motion was timely, because it was simply an amendment to its April 28, 1989, motion. However, this court will not consider arguments raised for the first time on appeal. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-245 (6th Cir.1991). Even though the case was pending on appeal, the one-year time period for filing a motion under Rule 60(b) is not extended. See Goland v. CIA, 607 F.2d 339, 372 (D.C.Cir.1978), cert. denied, 445 U.S. 927 (1980).
 
 
 19
 In its Rule 60(b) motion, QTC requested the district court rule upon its Rule 59 motion to amend the complaint. On June 1, 1989, the district court denied QTC's Rule 59 motion to alter or amend the judgment and, thus, implicitly denied its Rule 60(b) motion. See Addington, 650 F.2d at 666; Wimberly, 364 F.2d at 227. Further, the witnesses' testimony was not "newly discovered," as QTC had knowledge of this evidence at the time of the district court's 1989 judgment. QTC argues for the first time on appeal that the judgment should be set aside to avoid a "fraud upon the court," due to evidence of alleged perjured testimony. However, perjured testimony alone does not constitute a "fraud upon the court." See Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 245 (1944). "Insofar as appellant merely alleges that he now has new evidence which contradicts ... testimony of [Mason and Sanger], this is insufficient for a finding of fraud upon the court." Serzysko v. Chase Manhattan Bank, 461 F.2d 699, 702 (2d Cir.), cert. denied, 409 U.S. 883 (1972). The alleged perjured testimony is irrelevant, as it relates solely to QTC's conspiracy theory, "that White and his 'loyal cadre' came into TVA with the set purpose of shutting down the ERT program and getting rid of QTC." This theory, even if proven, would not affect defendants' immunity, as the alleged tortious acts occurred after defendants began work at TVA.
 
 
 20
 AFFIRMED.