United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 8, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-61116

_____

MOSTAFA LABEB OMRAN, also known as Mustafa L. Omron,

Petitioner,

versus

ALBERTO R. GONZALES,
ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

_____

Petition for Review from
the Board of Immigration Appeals
(A26 158 526)

_____

Before REAVLEY, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Mostafa Labeb Omran petitions for review of a Board of Immigration Appeals

("BIA") decision dismissing his appeal and ordering him removed from the United States

as an alien convicted of an aggravated felony. Omran contends that res judicata bars the

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion
should not be published and is not precedent except under the limited circumstances
set forth in 5TH CIR. R. 47.5.4.

instant removal proceeding. We disagree and deny the petition.

Omran is a native citizen of Egypt and a lawful permanent resident of the United States. On July 15, 1994, Omran was convicted in New York State of the crime of first-degree manslaughter, and sentenced to a term of 5 to 15 years in prison. The crime at issue took place in June of 1990. As a result of his conviction, the former Immigration and Naturalization Service (the "INS") commenced removal proceedings against Omran, seeking to deport him as an alien convicted of an aggravated felony. *See* 8 U.S.C.A. § 1251(a)(2)(A)(iii) (West 1994) (current version at 8 U.S.C.A. § 1227 (West 2005)). However, the INS agreed to terminate the proceedings when it was determined that Omran committed his crime prior to the effective date of the legislation. (*See* Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5048 (current version at 8 U.S.C.A §1101 (West 2005)) (definition applies to "offenses committed on or after the date of" November 29, 1990, the date of enactment).

In 2004, the INS again initiated removal proceedings against Omran based on the 1994 manslaughter conviction. Omran argued that he was a United States national because he had sworn his allegiance to the United States in a 1989 application for naturalization that was denied, and that the proceedings were barred by res judicata, because the removal proceedings in 1994 determined that he was not deportable. The Immigration Judge ("IJ") determined, first, that the prior termination was not on the merits, and thus, res judicata did not apply; and second, that Omran was not a citizen and

2

was therefore removable.

The BIA dismissed Omran's appeal, holding that Omran was not a United States citizen and that res judicata was inapplicable because the 2004 proceeding was based on a new cause of action under the Illegal Immigration Reform and Immigration Responsibility Act of 1996 ("IIRIRA"). IIRIRA provides that all definitions of aggravated felony apply regardless of the date of conviction "[n]otwithstanding any other provision of law (including any effective date). . . ."[1]

Omran argues that he is a national of the United States. The government contends that Omran has waived this argument, as he did not fully brief it on appeal. However, as the Court does not hold pro se petitioners to a stringent standard, Omran has adequately preserved the issue.[2] Nonetheless, Omran is not a United States national because he has not completed the naturalization process.[3]

Omran also argues that the BIA erred in finding that res judicata did not apply to his removal proceeding. Res judicata does not bar the second proceeding against Omran because the controlling law changed before this proceeding. *Moch v. East Baton Rouge Parish Sch. Bd.*, 548 F.2d 594, 597 (5th Cir. 1977) (citing *State Farm Auto. Ins. Co. v. Duel*, 324 U.S. 154, 162, 65 S. Ct. 573, 577 (1945)). In IIRIRA, Congress made it clear

---

[1] 8 U.S.C.A. §1101(a)(43) (West 2005).

[2] *See Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S. Ct. 594, 596 (1972).

[3] *Omolo v. Gonzales*, 452 F.3d 404, 409 (5th Cir. 2006).

that immigrants who have been convicted of an aggravated felony are deportable, regardless of the date of their offense.[4] Omran asks to escape this mandate because the INS mistakenly initiated proceedings against him prior to IIRIRA's enactment. That holding would violate the terms of the statute and the "overriding public policy" which Congress expressed in passing IIRIRA.[5]

DENIED.

---

[4]*See* 8 U.S.C.A. §1101(a)(43) (West 2005).

[5]*See Moch v. East Baton Rouge Parish Sch. Bd.*, 548 F.2d 594, 597 (5th Cir. 1977).