IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 30, 2007

Charles R. Fulbruge III
Clerk

No. 06-60872
Summary Calendar

RAFIU AJADI ABIMBOLA, also known as Rafiu Ajadi, also known as Rafiu
Abimboca, also known as Tajudean Ajuadi, also known as Rafiu Ambimolajadi

Petitioner

v.

MICHAEL B. MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A72 852 210

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.
PER CURIAM:[*]

Rafiu Ajadi Abimbola petitions for review of the Board of Immigration
Appeals' (BIA's) decision denying his motions to reopen and for reconsideration.
He has also moved for reconsideration of the clerk's denial of an extension of
time in which to file a reply brief. Abimbola untimely petitioned this court for
review of the BIA's August 2, 2005, denial of his third motion for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

reconsideration. 8 U.S.C. § 1252(b)(1). Consequently, we lack jurisdiction to review the denial of that motion. See Navarro-Miranda v. Ashcroft, 330 F.3d 672, 676-77 (5th Cir. 2003).

Abimbola argues that the BIA erred in determining that he was ineligible to apply for a waiver of inadmissibility under former Immigration and Nationality Act § 212(c) and, additionally, that he was erroneously deemed removable as an aggravated felon. The Second Circuit has already expressly held that Abimbola's Connecticut conviction was an aggravated felony. Abimbola v. Ashcroft, 378 F.3d 173, 177-80 (2d Cir. 2004). Therefore, the doctrines of res judicata and collateral estoppel prevent Abimbola from relitigating that claim. See Moch v. East Baton Rouge Parish Sch. Bd., 548 F.2d 594, 596 (5th Cir. 1977).

With regard to his eligibility for former INA § 212(c) relief, Abimbola has failed to carry his burden of establishing that his aggravated felony conviction was obtained by a plea agreement reached prior to April 1, 1997. 8 C.F.R. § 1003.44(a), (c). The June 20, 2005, correspondence from Connecticut's Senior Assistant Public Defender, which Abimbola contends establishes that his failure to appear did not invalidate his initial plea, was adduced as evidence only for purposes of his third motion for reconsideration, which the BIA denied as numerically barred and from which he did not file a timely petition for review. Consequently, we lack jurisdiction to review the issue whether Abimbola's new evidence renders the BIA's merits determination erroneous. See Navarro-Miranda, 330 F.3d at 676-77.

Abimbola additionally argues that the BIA erred in upholding the immigration judge's credibility finding with respect to Abimbola's applications for withholding of removal and relief under the Convention Against Torture (CAT) and that the BIA erred in denying the remainder of Abimbola's motion to reopen as untimely and numerically barred. In conformity with 8 C.F.R. § 1003.44(g)(4), the BIA rejected on the merits Abimbola's argument that he was

eligible for an INA § 212(c) waiver and did not hold the motion to reopen untimely or numerically barred for purposes of that claim.  In conformity with 8 C.F.R. § 1003.2(c)(2), the BIA's determination that the motion to reopen was untimely and numerically barred precluded it from reaching the arguments that were unrelated to INA § 212(c) eligibility, i.e., that he was entitled to withholding of removal and relief under the CAT based on erroneous credibility determinations and the actions of counsel.

To the extent Abimbola asks this court to review his entitlement to withholding of removal and relief under the CAT, contending that the immigration judge's factual and credibility finding were erroneous, such an argument fails to raise either a constitutional issue or a question of law, and, therefore, we lack jurisdiction to review it.  See 8 U.S.C. § 1252(a)(2)(C), (D).

PETITION DISMISSED IN PART AND DENIED IN PART; MOTION FOR RECONSIDERATION DENIED.