**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 27, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

IVAN CHEN,

      Plaintiff - Appellant,

v.

DILLARD STORE SERVICES, INC.,

      Defendant - Appellee.

No. 13-3286
(D.C. No. 2:13-CV-02358-CM-DJW)
(D. Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

---

      Plaintiff Ivan Chen, acting pro se, sued his former employer, Dillard Store

Services (Dillard's), in Kansas state court for slander and negligence.  Dillard's removed

---

[*] After examining the briefs and the appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App.
P. 32.1 and 10th Cir. R. 32.1.

the case to the United States District Court for the District of Kansas, claiming that court had jurisdiction on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a)(1). The court denied Plaintiff's motion to remand to state court. It then granted Dillard's motion to dismiss under Fed. R. Civ. P. 12(b)(6) on the ground that Plaintiff's claims were precluded by previous cases between the two parties that were resolved in arbitration. Plaintiff appeals both of these orders. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's denial of Plaintiff's motion to remand. But because Plaintiff's claims are different from any decided in the arbitration, we reverse the district court's dismissal of Plaintiff's complaint.

## I. BACKGROUND

This is Plaintiff's third suit against Dillard's. Because the district court dismissed this suit on the ground that Plaintiff's claims were precluded by the outcome of the previous two suits, we summarize the facts and procedural history of all three.

Plaintiff worked for Dillard's for 16 years. In 2008 he was transferred to Dillard's Oak Park Mall location in Overland Park, Kansas. In 2010, Dillard's hired Julia Phares to work at that location as well. Plaintiff and Phares developed a personal relationship that led to their exchanging numerous emails outside of work. In April 2011, Phares asked Plaintiff to stop emailing her, but he did not. The next month, Phares complained to Dillard's management about Plaintiff's behavior. Management met with Plaintiff and told him that he should keep his personal relationship with Phares out of the workplace and that it would be advisable to stop emailing her. Plaintiff continued to email Phares.

2

On August 13, 2011, Plaintiff and Phares had an argument at Dillard's that was in the presence of customers and observed by several other employees, some of whom heard Plaintiff use a loud voice. As a result of this incident, Plaintiff was fired.

On May 14, 2012, Plaintiff filed an amended petition against Dillard's in Kansas state court alleging sexual harassment, racial harassment, and discrimination and retaliation under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964. On June 12, Dillard's removed the case to federal court, claiming federal-question jurisdiction under 28 U.S.C. §§ 1331 and 1441.

On July 13, 2012, Plaintiff returned to the Dillard's at Oak Park Mall to shop. He alleges that Phares told another employee that Plaintiff "was told not to enter Dillard's building. If he comes to Dillard's store, we are supposed to call security." R., Vol. I at 12. The other employee phoned Plaintiff that evening to tell him to be careful coming to Dillard's stores. Plaintiff states that he then contacted Dillard's legal counsel to see if he was actually barred from Dillard's, and counsel informed him that there was no trespass order against him.

On August 6, 2012, Plaintiff filed his second petition against Dillard's in Kansas state court. Plaintiff asserted a claim of defamation based on statements by Dillard's management that before he was fired he had yelled at Phares in the presence of customers. Two days later Dillard's removed this case based on diversity jurisdiction under 28 U.S.C. § 1332. The court consolidated the two then-pending cases.

3

Plaintiff again went to Dillard's to shop on September 13, 2012. He claims that two employees told him that he was not allowed to be in the store and that he should leave.

On September 19, 2012, the district court granted Dillard's motion to compel arbitration in the two consolidated cases. A month later, Plaintiff filed his notice of intent to arbitrate. The notice listed five theories of relief: (1) racial discrimination and sexual harassment under 42 U.S.C. § 1981; (2) racial discrimination and sexual harassment under Title VII; (3) racial discrimination and sexual harassment under Kansas law; (4) defamation under Kansas law; and (5) employer negligence under Kansas law. Plaintiff filed his "Claim," explaining his theories of relief in more detail, with the arbitrator on April 23, 2013. *Id.* at 51.

On June 20, 2013, Plaintiff filed his petition in this case in Kansas state court, alleging slander (based on Phares's statements on July 13, 2012, that he was banned from Dillard's) and on employer negligence. On July 18, 2013, Dillard's removed this case to federal court, asserting that the court had diversity jurisdiction, even though Dillard's had not been properly served at that time. Five days later, Dillard's filed a motion to dismiss the case, or to consolidate with the cases then in arbitration. The arbitrator had already held an evidentiary hearing on July 1 and 2 and had asked both parties to submit posthearing briefs. The court stayed the case pending a decision in the arbitration. The arbitrator issued an award and opinion on August 1, 2013, stating that Plaintiff had failed to prove any of his claims. The district court then denied Plaintiff's motion to remand,

and granted Dillard's motion to dismiss on the ground that Plaintiff's claims were precluded by the arbitration award. Plaintiff appeals both of these rulings.

## II. DISCUSSION

### A. Motion to Remand

Plaintiff argues that the district court should have granted his motion to remand because the amount in controversy in this case is only $50,000, which is less than the $75,000 required for diversity jurisdiction under 28 U.S.C. § 1332(a), and hence for removal under 28 U.S.C. § 1441. Dillard's, as the party asserting federal jurisdiction, must prove, by a preponderance of the evidence, facts sufficient to establish "that the amount in controversy may exceed $75,000." *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Once it is shown that the amount in controversy may be greater than $75,000, the case belongs in federal court "unless it is legally certain that less than $75,000 is at stake." *McPhail*, 529 F.3d at 954 (internal quotation marks omitted).

Plaintiff argues that the amount in controversy is only $50,000 because that is what he pleaded in his state-court petition. But the petition stated that this "amount is a conservative estimate of damages based on awards for compensable emotional distress in various similar cases as listed in Exhibit B." R., Vol. I at 25. Exhibit B listed awards ranging up to $300,000 for compensable damages for emotional distress in

5

Massachusetts. Plaintiff also requested an unidentified amount of punitive damages. Based on the "conservative estimate" of $50,000 and the request for punitive damages, the district court determined that Dillard's had shown that "it is not legally certain that the amount in controversy is less than [$75,000]." *Id.* at 402.

Plaintiff now argues that we should discount the statement in his petition that his claim of damages was a conservative estimate, asserting that he included Exhibit B only "to indicate in good faith that the lawsuit is not frivolous." Aplt. Br. at 15–16. He also argues that we should not consider Exhibit B because it was not referenced in Dillard's notice of removal. We are not persuaded. Plaintiff cannot defeat jurisdiction by backtracking on his allegations. The gist of his state-court pleading was that he could recover compensatory damages well over $75,000.

Moreover, the district court also properly considered that punitive damages could increase the award. *See* Kan. Stat. Ann. § 60-3701(e) (West 2014) (authorizing punitive damages up to $5 million). We reject Plaintiff's argument that Kansas law would prevent him from collecting such damages. He relies on § 60-3701(d), which permits punitive damages against an employer for acts of an employee only if the acts were properly authorized or ratified. But for purposes of removal the petition adequately alleged the requisite predicates for punitive damages. It alleged that Dillard's "has known about Phares's shady background and work behaviors" but has "failed to take corrective disciplinary actions and continues to allow this employee to make defamatory statements about the customers." R., Vol. I at 20.

6

Finally, Plaintiff relies on *Hot-Hed, Inc. v. Safe House Habitats, Ltd.*,

No. H-06-1509, 2007 WL 556862 (S.D. Tex., Feb. 12, 2007), which he claims is

factually analogous and shows that removal is inappropriate here. Suffice it to say that

this out-of-circuit, unpublished district-court case is far from in point. The plaintiff

sought injunctive relief and unquantified exemplary damages. *See id.* at *1. The

removing defendant presented no evidence about the amount an injunction would cost,

and plaintiff had not identified a factual or legal basis for an award of punitive damages.

*See id.* at *2.

We affirm the district court's denial of Plaintiff's motion to remand.

**B.     Preclusion**

Plaintiff also argues that the district court erred when it decided that his claims

were precluded by the arbitrator's award in his previous cases. First, he argues that claim

preclusion is not an appropriate ground on which to base dismissal under Rule 12(b)(6)

because the defendant must assert preclusion as an affirmative defense. But it is well

established that "a complaint showing that relief [is] barred by an affirmative defense

[can] be dismissed under a Rule 12(b)(6) motion."[1]  5B Charles A. Wright et al., Federal

Practice and Procedure § 1357, at 714 (3d ed. 2004) (footnote omitted). *Moch v. E.*

---

[1] To the extent that Plaintiff is arguing that the district court improperly converted the Rule 12(b)(6) motion into one for summary judgment by relying on the pleadings in previous cases, which were documents outside the petition, this argument fails as well. We have held that on a motion to dismiss the court may take judicial notice of pleadings in prior cases without converting that motion to one for summary judgment. *See Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004).

7

*Baton Rouge Parish Sch. Bd.,* 548 F.2d 594 (5th Cir. 1977), in which the court did not impose preclusion because of an intervening change in the law, *see id.* at 598, is not to the contrary.

The parties do not challenge the district court's requirements for claim preclusion from the arbitration decision, which were "(1) a final judgment on the merits in the previous action; (2) the parties must be identical or in privity; and (3) both suits must be based on the same cause of action." *Chen v. Dillard Store Services, Inc.*, No. 13-2358-CM, 2013 WL 5671297, at *1 (D. Kan. Oct. 17, 2013).

Plaintiff argues that neither cause of action in this suit—defamation or employer negligence—is the same as a cause of action that was decided in the arbitration. We agree that Dillard's has not established that they were the same. We begin with the defamation claim.

The district court ruled that although "the libel/slander claim [presented in the arbitration] appears to involve a different defamation claim" from the one in this case, this claim was precluded because "the facts underlying plaintiff's slander claim in this case were put before the arbitrator." *Id.* at *2. That is not sufficient. For the arbitration decision to bind Plaintiff, the decision would have had to resolve his claim that he was defamed on July 13, 2012. But Dillard's has not satisfied its burden to establish (or even argued) that this claim was resolved by the arbitrator. *See Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997) ("Res judicata is an affirmative defense on which the defendant has the burden to set forth facts sufficient to satisfy the elements.").

It is not mentioned in the arbitrator's decision.  And even if evidence of the July 2012 statements was presented at the hearing, evidence may be offered for a multitude of reasons or (particularly when offered by a pro se party) for no sound legal reason whatsoever, and the presentation of evidence does not necessarily raise all claims that could be based on the evidence.  *Cf. Green Country Food Mkt., Inc. v. Bottling Grp., LLC*, 371 F.3d 1275, 1280 (10th Cir. 2004) (Court cannot infer that party consents to trial of issue not in complaint by introducing evidence relevant to the issue when the evidence is also "relevant to an issue already in the case [and] there is no indication that the party presenting the evidence intended to raise a new issue.").

Dillard's principal argument is that the July 2012 defamation claim is barred because it "'arise[s] from the same transaction, event, or occurrence' adjudicated in the arbitration."  Aplee. Br. at 39 (quoting *Plotner v. AT&T Corp.*, 224 F.3d 1161, 1169 (10th Cir. 2000).

> What constitutes the same transaction or series of transactions is "to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding and usage."

*Yapp v. Excel Corp.*, 186 F.3d 1222, 1227 (10th Cir. 1999) (quoting Restatement (Second) of Judgments (the Restatement) § 24 (1982)).  "[A] claim should not be precluded merely because it is based on facts that arose prior to the entry of judgment in the previous action."  *Hatch v. Boulder Town Council*, 471 F.3d 1142, 1149 (10th Cir. 2006).

9

Dillard's has not shown that any of the predicates for Plaintiff's arbitrated claims occurred after August 23, 2011, when plaintiff was fired.  Yet the evidence that underlies this suit, his coming to Dillard's as a customer, did not occur until almost a year later on July 13, 2012, (and perhaps on September 13, 2012).  The Restatement provides useful illustrations for determining when two similar and related events should be considered to constitute one transaction for preclusion purposes.  The one that persuasively supports Plaintiff is Illustration 8:

> A, under a contract of employment with B, is discharged from the job on the alleged ground of his technical incompetence.  A year later B, in response to an inquiry from C, a prospective employer of A, states that A is an habitual drunkard.  A may sue B and recover against him for wrongful discharge without thereby forfeiting his right to sue B on the basis of his report to C.

Restatement § 24, at 202.  We conclude that Dillard's has not shown that Plaintiff's present defamation claim is precluded.

The district court also ruled that Plaintiff's claim of negligence by Dillard's was precluded by the arbitration award.  It stated that the first claim was "focused more on defendant's alleged failure to conduct a background check, its assignment of Ms. Phares to the men's department, and its negligence in relation to defamatory statements allegedly made by Phares" whereas the claim in this case "is based more on defendant's negligence in relation to the hiring, supervision, and training of Ms. Phares."  R., Vol. I at 410.  But because both claims have to do with Dillard's employment of Phares, the court concluded

10

that Plaintiff was precluded from bringing his negligence claim. We respectfully disagree.

The factual basis for Plaintiff's claim that Dillard's was negligent focuses entirely on actions taken by Dillard's after Plaintiff's discharge. The petition alleges:

> Since being discharged in August 2011, [P]laintiff has provided documents and evidence to [Dillard's] many times concerning the character of Julia Phares and her violation of multiple rules. [Dillard's] has known about Phares's shady background and work behaviors. Yet, [Dillard's] has failed to take corrective disciplinary actions and continues to allow this employee to make defamatory statements about the customers.

*Id.* at 20. It further alleges that Dillard's did not discuss with employees his complaints about being told that he was not allowed in the store (after his firing), which allowed "the rumor that [P]laintiff ha[d] been banned from Dillard's . . . to spread throughout the store." *Id.* at 24. The arbitrator did not rule on these claims, and Dillard's makes no attempt to show that these claims were actually decided in the arbitration. The only ruling about Dillard's negligence in the arbitration was that Plaintiff had "failed to prove that [Dillard's] negligently hired or retained Ms. Phares." *Id.* at 194.

We hold that Dillard's has not shown that these claims were sufficiently related to the claims decided in arbitration to form part of the same transaction. Plaintiff's claims deal entirely with alleged negligence that occurred after he was terminated, the bulk of which allegedly occurred a year later in the summer of 2012. The alleged negligence is sufficiently removed from the negligence Plaintiff previously raised to form a different transaction.

11

Dillard's has not shown that Plaintiff's current claims were precluded by the arbitrator's final award. There may well be other problems with Plaintiff's petition that would give grounds for dismissing it, but Dillard's has not presented us with any alternative arguments for affirmance.

## III. CONCLUSION

We hold that the district court had jurisdiction but REVERSE the dismissal of Plaintiff's claims and REMAND for further proceedings consistent with this opinion. We DENY Dillard's motion to strike Plaintiff's opening brief and DENY as moot Plaintiff's motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge