**In re Shearn MOODY, Jr., Debtor.**

**Shearn MOODY, Jr.,**
**Plaintiff–Appellant,**

v.

**EMPIRE LIFE INSURANCE COMPANY**
**and John S. Greeno,**
**Defendants–Appellees.**

**No. 87–2718.**

United States Court of Appeals,
Fifth Circuit.

June 28, 1988.

Michael A. Maness, Houston, Tex., for plaintiff-appellant.

Robert C. Maley, Jr., Craig J. Litherland, Sheinfield, Maley & Kay, Houston, Tex., for defendants-appellees.

Before POLITZ and JOHNSON, Circuit Judges, and BOYLE,* District Judge.

POLITZ, Circuit Judge:

Shearn Moody, Jr. appeals the summary judgment allowance of the claim filed by the Alabama Receiver of Empire Life Insurance Company of America against the estate of Moody's Chapter 11 bankruptcy proceeding. Satisfied that we have jurisdiction, and that there is no merit in any contention raised on appeal, we affirm.

## BACKGROUND

In June of 1963 Moody incorporated Empire under the laws of the State of Alabama. He was majority stockholder, president, chief executive officer, and chairman of the board of directors from that time until June of 1972 when Empire was declared insolvent and placed in receivership by an Alabama circuit court.[1]

Shortly before the declaration of insolvency, David C. Meyers and other Empire shareholders filed derivative suits against Moody, alleging gross mismanagement, fraud, and securities law violations. After Empire was placed in receivership, the Receiver assumed control of the derivative actions. The Receiver alleged that Moody had violated his fiduciary duties, was guilty of gross mismanagement and fraud, and had violated Section 10(b) of the Securities Act of 1934. After trial by jury, in May of 1979 the court entered judgment against Moody for fraud and securities law violations. Actual damages of $5,319,000 and punitive damages of $1,000,000 were assessed. *Meyers v. Moody*, 475 F.Supp. 232 (N.D.Tex.1979). We affirmed, *Meyers v.*

---

* District Judge of the Eastern District of Louisiana, sitting by designation.

1. Ancillary receiverships followed in Arkansas, Montana, and Texas.

*Moody,* 693 F.2d 1196 (5th Cir.1982). The Supreme Court denied certiorari, *Moody v. Meyers,* 464 U.S. 920, 104 S.Ct. 287, 78 L.Ed.2d 264 (1983).

In June of 1974, during the pendency of the derivative actions, the Alabama court granted the Receiver an order of liquidation of Empire and approved a bulk reinsurance agreement with Protective Life Insurance Company (sometimes hereafter referred to as the "Treaty").

Shortly after the Supreme Court denied certiorari, Moody filed a Chapter 13 bankruptcy petition in the Middle District of North Carolina. Moody's filing was later converted to a Chapter 11 proceeding, a trustee was appointed, and the case was transferred to the Southern District of Texas. The Receiver filed a proof-of-claim against the bankrupt estate for $11,971,-139, representing the principal of the May 1979 judgment, together with accrued interest.

Moody responded to the Receiver's claims by filing a pleading entitled "Objection to Claim and Complaint to Determine the Validity of Judgment Liens," which objected to allowance of the claim of the Receiver, and sought to nullify the liens securing the *Meyers v. Moody* judgment.

The Receiver opposed Moody's complaint about the liens and moved for partial summary judgment, urging the court to allow its judgment claim. Action on the issue of the validity of the liens was not included in the motion for summary judgment. The Receiver supported its summary judgment motion with an affidavit and certified copies of documents. Moody filed an opposing memorandum with attachments, but offered no countervailing evidence as prescribed by Fed.R.Civ.P. 56.

The district court granted the motion for summary judgment and entered a judgment allowing the Receiver's claim in the amount requested. Moody appealed. The district court then granted the Receiver's unopposed motion to sever the issue resolved by the summary judgment from the issue relating to the validity of the judgment liens. Moody responded with his second notice of appeal, contending that: (1)

this court lacks jurisdiction; (2) the Receiver represents more than one creditor; (3) the Receiver is not the proper party to prosecute the claim; (4) the district court erred in relying on a related decision by the Alabama court; and (5) the judgment is unconscionable and based on fraud.

## ANALYSIS

### 1. *Jurisdiction*

Jurisdiction is always a threshold consideration for federal courts, for we are courts of limited jurisdiction. Despite the anomaly of Moody, as appellant, challenging appellate jurisdiction, we are prepared, *sua sponte* if necessary, to examine the bases for both federal and appellate jurisdiction. *Save the Bay, Inc. v. United States Army,* 639 F.2d 1100 (5th Cir.1981); *Beers v. North American Van Lines, Inc.,* 836 F.2d 910 (5th Cir.1988).

■ Moody suggests that the allowance of the bankruptcy claim based on the *Meyers v. Moody* judgment, and the challenge to the validity of the judgment liens, are so closely intertwined that the issues must be jointly considered. We are not persuaded.

As we held in *Smith v. Revie (In re Moody),* 817 F.2d 365, 368 (5th Cir.1987), "a bankruptcy proceeding is over when an order has been entered that ends a discrete judicial unit in the larger case." And we agree in principle with our First Circuit colleagues who have concluded that "as long as an order allowing a claim or priority [in a bankruptcy proceeding] effectively settles the amount due the creditor, the order is 'final.' " *In re Saco Local Development Corp.,* 711 F.2d 441, 448 (1st Cir.1983). We need not speak that embracively, and do not. But in the case before us, considering that the allowance of the claim ended a discrete judicial unit in the bankruptcy case, and that the court specifically severed that claim from the related lien-validity dispute, the judgment appealed is a final judgment under 28 U.S.C. § 1291.

### 2. *Representation of multiple creditors*

■ We decline to consider the contention that the Receiver represents more than

one creditor. That issue was not presented to the trial court. As a general proposition, we will not consider issues not presented to the district court. *Singleton v. Wulff*, 428 U.S. 106, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); *United States v. Grapp*, 653 F.2d 189 (5th Cir.1981). None of the exceptions to the general proposition are applicable herein.

### 3. *Receiver not proper party*

■ Moody does not challenge the authority of the Receiver to file a proof-of-claim as the statutory representative of those on whose behalf he originally recovered judgment in *Meyers v. Moody*. He bases his argument that the Receiver is not the real party at interest on the contention that the Receiver has unconditionally transferred his interest in the judgment, primarily to Protective. Accordingly, Moody suggests, the requirements of Bankruptcy Rule 3001(e)(1) are not met.

The record is devoid of evidence establishing an unconditional transfer of the interest in the *Meyers v. Moody* judgment to any person. The only evidence which we may consider relates to the bulk reinsurance agreement with Protective. Moody maintains that all or a portion of the judgment was transferred to Protective by that agreement. That agreement, denominated The Treaty of Assumption and Bulk Reinsurance, contains specific language to the contrary. It provides:

> ... the Receiver shall not transfer to Protective any rights of action on behalf of Empire against its former officers, directors, agents, and parties acting in concert with them, for fraud, deceit, mismanagement or other misconduct, but rather shall retain the same and shall prosecute any such right of action, including, without limitation, any and all claims made on behalf of Empire in the consolidated actions of Meyers, Haines and Bookout v. Moody, et al., presently pending in the United States District Court for the Northern District of Texas (CA Nos. 3–5678 and 3–7625–D).

Further, in a subsequent amendment to the Treaty, the parties agreed that "after payment to Protective of the Policyholder Amount, ... the Receiver may retain any excess, and ... a pro rata adjustment of the amount to be paid to Protective may be made ... to prevent unlawful discrimination against non-policy holder creditors." The agreement reserves to the Receiver any excess over the defined Policyholder Amount, and permits adjustment of the amount which Protective is to receive. Although Protective has been assigned what ultimately may be all of the proceeds of the judgment, this contract, as amended, does not unconditionally transfer the Receiver's interest in the judgment. As recognized by the Alabama state court, and the court *a quo*, Protective has nothing more than a priority over a stated amount of the funds recovered in satisfaction of the judgment. Indeed, the Alabama receivership court, obviously conversant with controlling Alabama law, specifically ruled that Protective had not been assigned the Receiver's interest in the judgment. Moody's contention to the contrary is not persuasive.

### 4. *Undue reliance on Alabama court*

Moody suggests that the district court abdicated its obligation to review independently the Receiver's claim, but accepted as conclusive the decision of the Alabama receivership court which reviewed the Treaty. The record belies this contention, for it reflects that the district court referred to the Treaty and to bankruptcy rubrics, to support its essential rulings on the motion for summary judgment. That the district court reached the same conclusion as the Alabama court constitutes a condemnation of neither court. Rather, the unanimity increases the likelihood that a correct result was reached. Further, such a reliance by the district court would not have been either inappropriate or misplaced. Prior to the transfer of this matter to the Southern District of Texas, the district court for the Northern District of Alabama ruled that the receivership was an *in rem* or *quasi in rem* proceeding, and, as a result thereof, the Alabama receivership court had exclusive jurisdiction to determine the rights of the creditors and shareholders to Empire's assets. *In re Moody*, Civ.No. 83–4–2579–S

& 83–HM–2999–S (Memorandum Op., N.D. Ala., Feb. 17, 1984). If it were not required that the district court defer to the Alabama court's analysis of Alabama law in ruling on the motion for summary judgment, it cannot be gainsaid that it was entirely appropriate for the district court to be conscious of the Alabama court's ruling and to seek to harmonize its ruling therewith. This assignment of error is without merit.

### 5. *Judgment is unconscionable and is based on fraud*

■ Moody's final contention would reopen *Meyers v. Moody.* This we decline to do. A federal court exercising bankruptcy jurisdiction has considerable equitable powers. This does not include the power to set aside money judgments which have become final, other than on the grounds provided by Fed.R.Civ.P. 60. Moody complains that because of the Treaty, Protective and another person will receive a windfall, and this circumstance, apparent only since entry of the judgment, is a sufficient basis for voiding the *Meyers v. Moody* judgment. We do not agree. *See Kirksey v. City of Jackson,* 714 F.2d 42 (5th Cir.1983); *Cook v. Birmingham News,* 618 F.2d 1149 (5th Cir.1980).

Typically, a judgment may be changed if continued enforcement would be inequitable only if the judgment operates prospectively. A judgment operates prospectively if it requires a court to supervise changing conduct or conditions that are provisional or tentative. *Cook,* 618 F.2d at 1152–53 *(citing United States v. Swift & Co.,* 286 U.S. 106, 114, 52 S.Ct. 460, 462, 76 L.Ed. 999 (1932)). That is not the situation in the case at bar.

■ Finally, Moody seeks the avoidance of the *Meyers v. Moody* judgment because, he claims, it was obtained by fraud. This claim was not presented to the trial court; it is first raised on appeal. Besides the rule discussed at point of error number 2, that issues may not be first raised on appeal, this contention runs afoul of Fed.R. Civ.P. 9(b), which requires that claims of

fraud are to be pled, and obviously thereafter proven, with particularity. Arguments in brief fall far short of that mark.

The judgment of the district court is AFFIRMED.