Gerald GUILBEAUX

v.

**UNIVERSITY OF TEXAS MEDICAL BRANCH, et al.**

No. 1:98–CV–1439.

United States District Court,
E.D. Texas,
Beaumont Division.

Dec. 3, 1998.

Gerald Paul Guilbeaux, Beaumont, TX, pro se.

Phillip E. Marrus, AAG, Attorney General's Office, Law Enforcement Defense Division, Austin, TX, for University of Texas Medical Branch at Galveston, Joel Patterson, Doctor, Peter Yeh, Doctor, defendants.

Stephen Robert Lewis, Jr., Attorney at Law, Galveston, TX, for Haring J. Nauta, Doctor, defendant.

### MEMORANDUM ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

HEARTFIELD, District Judge.

The court heretofore ordered that this matter be referred to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The court has received and considered the Report of the United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. No objections to the Report of the United States Magistrate Judge were filed by the parties.

Accordingly, the findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED.** An order of dismissal will be entered in this case in accordance with the magistrate judge's recommendations.

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: MOTIONS TO DISMISS, TRANSFER VENUE AND REMAND

HINES, United States Magistrate Judge.

This action is referred to the undersigned for review, hearing, if necessary, and recommendation of findings of fact

and conclusions of law, pursuant to Title 28, United States Code section 636(b) and Local Rules for Assignment of Duties to Magistrate Judges.

Before the court are motions by defendants University of Texas Medical Branch at Galveston (UTMB) and Doctors Nauta,[1] Patterson and Yeh to dismiss or in the alternative to transfer venue. The plaintiff, Guilbeaux, moves to remand this action to state court.

## I. BACKGROUND

The plaintiff, Guilbeaux, filed this *pro se* suit against UTMB in federal court. He seeks damages for "pain and suffering" he allegedly received while a patient at UTMB in January 1996. (Compl. at 4.) Guilbeaux states that he entered UTMB in January 1996 for neck surgery to correct paralysis on his left side. Dr. Patterson, a UTMB physician, performed the surgery. (*Id.*) He also indicates that Dr. Nauta and Dr. Yeh were members of the physician team that treated him while at UTMB.

## II. PLAINTIFF'S COMPLAINT

The January 26, 1998 complaint was filed on a court-developed form used by prisoners when asserting federal constitutional claims. At the top of the form in very small type appears a heading bearing the title "Complaint under 42 U.S.C. § 1983, Civil Rights Act–TDCJ–ID (Rev.7/97)." (*See* Dockt. No. 3.) The court designed this form to streamline the filing of complaints by prisoners challenging conditions of confinement.

The form provides space for plaintiffs to assert the factual basis for their claim. In that space, Guilbeaux alleged that Dr. Patterson performed surgery on January 31, 1996 to remove a piece of bone from his hip for use in a later neck surgery. (Compl. at 4.) Following the surgery, while in recovery, plaintiff alleges that Dr. Yeh came into his room and examined his hip. (*Id.*) During this examination, Guilbeaux claims that Dr. Yeh, without asking permission or administering pain medication, made a new incision into his hip. (*Id.*) Because of this procedure, plaintiff contends that his "side became very infected" and he had to undergo another operation on his hip to relieve the infection. (*Id.*) Plaintiff maintains that he was in the hospital for four weeks following the operation. (*Id.*) As relief for his pain and suffering, plaintiff seeks $100,000 from each of the four defendants. (*Id.*)

At no point in his complaint does Guilbeaux, in his own words, claim that any of the defendants violated the constitution or laws of the United States. (Compl.3–5.)

## III. THE HEARING

On September 1, 1998, the court held a management conference to discuss scheduling of the instant case. During the management conference, the court allowed Guilbeaux to amplify and clarify his allegations. *See Spears v. McCotter,* 766 F.2d 179 (5th Cir.1985). The purpose was to ascertain whether federal subject matter jurisdiction exists in the present suit.

At the hearing, Guilbeaux began by recounting the factual basis for his suit. The facts were alike to those he recited in the "Statement of Claim," a component of the complaint. (*See* Part II, *supra.*)

Subsequently, the court explained to Guilbeaux the limited nature of federal court jurisdiction and then questioned him concerning the basis for jurisdiction in the instant suit. The court first inquired whether there is a basis for diversity jurisdiction. Guilbeaux testified that he was a resident of Texas. The court related the likelihood to Guilbeaux that one of the defendants was also a Texas resident, and if this were the case the court would lack jurisdiction. (Tr. at 10.) The court then

---

1. Defendant Dr. Nauta, a member of UTMB's faculty, is represented by different counsel than the other three defendants.

addressed the issue of federal question jurisdiction:

Q. [Court] Is there any federal law or federal constitutional right that you are seeking to vindicate, that you allege was violated that you're basing your lawsuit on?

A. [Guilbeaux] I don't know what classifies as civil rights. All I'm saying is that the doctor did something to me that caused me a lot of pain and agony, that I felt I shouldn't have endured while my stay at University of Galveston.

Q. Is there anything about what the doctor did to you that you would regard as more than either just negligence, incompetence, and gross negligence and incompetence; that is, simply failing to treat you in an appropriate medical way that a professional should?

A. I feel that way, your Honor.

Q. Is there anything more than that that was involved?

A. No, sir.

(Tr. at 13–14).

## IV. PENDING MOTIONS

Defendants have filed motions to dismiss based on a number of grounds and alternatively for a transfer of venue. In their motions, defendants, citing the civil rights statute listed in the heading of the standard complaint form, repeatedly state that plaintiff's claim is based on a civil rights violation.

Plaintiff filed a response to the defendants' motions to dismiss in which, for the first time, he alleges that defendants violated his civil rights. Plaintiff also filed motions for remand to state court and for a court appointed attorney.

2. *Byers v. McAuley*, 149 U.S. 608, 618, 13 S.Ct. 906, 910, 37 L.Ed. 867 (1893) ("[t]he jurisdiction of the federal courts is a limited one, depending upon either the existence of a

■ Before addressing these motions, the court must first examine the threshold question of whether it has subject matter jurisdiction. That is an issue of paramount concern, and should be addressed, *sua sponte* if necessary, at the inception of any federal action. *Moody v. Empire Life Ins. Co.*, 849 F.2d 902, 904 (5th Cir.1988).

## V. SUBJECT MATTER JURISDICTION

■ Unless otherwise provided by statute, federal court jurisdiction requires: (1) complete diversity of citizenship between adverse parties and at least $75,000 at issue, *see* 28 U.S.C. § 1332 (1997); *Owen Equipment and Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978) (noting that "[t]he relevant statute in this case, 28 U.S.C. § 1332, confers upon federal courts jurisdiction over civil actions where the matter in controversy exceeds the sum or value of [$75,000] . . . and is between . . . citizens of different states or (2) a federal law nexus,") *see* 28 U.S.C. §. 1331 (1993); *Merrell Dow Pharm. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986); *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir.1997). If neither of these requirements are met, federal courts, with limited jurisdiction, do not have authority to hear the matter and must dismiss it for adjudication in the proper tribunal.[2]

■ Because of their limited jurisdiction, federal courts must always consider whether they have subject matter jurisdiction over a case. If necessary, they should do so *sua sponte*. *See Moody v. Empire Life Ins. Co.*, 849 F.2d 902, 904 (5th Cir. 1988).

## VI. APPLICATION AND ANALYSIS

### A. Diversity Jurisdiction

The first inquiry is whether the plaintiff has invoked the court's diversity jurisdic-

federal question or diverse citizenship of the parties. Where these elements of jurisdiction are wanting, it cannot proceed, even with the consent of the parties.").

tion. Assuming, arguendo, that Guilbeaux has established the minimal jurisdictional amount in controversy, the issue is whether diversity of citizenship exists.

Federal diversity jurisdiction requires that all parties to an action be "citizens of different states." 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a person or entity must be both: (1) a citizen of the United States and, (2) a domiciliary of one particular state. *See Coury v. Prot,* 85 F.3d 244, 249–250 (5th Cir.1996). The citizenship of the parties is a jurisdictional fact in diversity actions. As such, the burden is on the plaintiff, the party invoking federal jurisdiction, to plead and prove that diversity exists. *See Harvey Const. v. Robertson-Ceco Corp.,* 10 F.3d 300, 303 (5th Cir.1994).

Guilbeaux is a citizen of Texas for purposes of diversity jurisdiction. Guilbeaux agrees that all defendant doctors practice medicine at UTMB in Galveston and reside in Texas. (Tr. at 10–11). Because this action lacks diversity of citizenship, federal jurisdiction does not exist under 28 U.S.C. § 1332.

### B. Federal Question Jurisdiction

The next inquiry is whether federal question jurisdiction exists in the instant suit. To decide this issue, two issues must be analyzed. First, whether the citation to a federal statute in the heading of a court designed complaint form was sufficient to invoke federal jurisdiction. Second, did the plaintiff, when he responded to the defendant's motion to dismiss by stating that "his civil right[s] were violated due to the doctor cutting my side open in an unsanitary manner," allege a federal question. (Compl. at 4.)

As to the first ground, the "pleading of federal jurisdiction requires more than a simple allegation that jurisdiction exists or citation of a federal statute ... [it requires] that the complaint clearly set out the basic facts necessary to support the conclusion" that federal jurisdiction does in fact exist. *Fountain v. New Orleans Pub. Serv., Inc.,* 265 F.Supp. 630, 632 (D.C.La.1967). Further, federal question jurisdiction is present only if reliance on a federal right appears on the face of the complaint. *See Oneida Indian Nation of N.Y. v. County of Oneida,* 464 F.2d 916 (2d Cir.1972) *rev'd on other grounds* 414 U.S. 661, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974).

Here, Guilbeaux filed his complaint on a court provided form that is generally used by plaintiff prisoners to prosecute 42 U.S.C. § 1983 civil rights claims. As noted, the form has a heading that cites to § 1983. The statute appears to be cited in the form's heading for purposes of description and for no other apparent reason. Other than this descriptive heading, there is no other mention of civil rights contained in the form's language. Moreover, plaintiff at no point in the complaint cites to or mentions a federal cause of action.

The sole allegation in the complaint is that the defendants caused him pain and suffering. Clearly, this allegation cannot be interpreted to implicate a violation of Guilbeaux's civil rights. To recognize a descriptive heading in a court designed form, that happens to cite a federal statute, as something that triggers federal question jurisdiction would be to recognize that the form of the pleading carries greater weight than its factual basis—something federal courts are loath to do. *Fountain,* 265 F.Supp. at 632.

As to the second ground, because the plaintiff is proceeding *pro se,* it is necessary to construe his claims liberally and provide him the opportunity to clarify his allegations. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972). When evaluating whether plaintiff alleged a federal question, plaintiff's mention in his response to defendants' motion that his civil rights were violated must be considered.

During the hearing, the court asked Guilbeaux to clarify whether he had alleged a violation of his civil rights. Guilbeaux responded: "[a]ll I'm saying is that the doctor did something to me that caused me a lot of pain and agony." (Tr. at 13.) Guilbeaux was then asked by the court if there was anything more about what the doctor did to him that he wanted to claim other than the doctor's alleged failure to treat him in an appropriate medical manner. (*Id.*) Guilbeaux testified that there was nothing else he wished to claim. Guilbeaux's succinct responses to the court's questions unequivocally indicate that he never intended to bring suit under federal law. (Tr. at 12.) His answers imply that the mention of a civil rights violation in his response resulted solely because defendants had identified that as the cause of action in their motion to dismiss.

Guilbeaux has filed a motion requesting the court "To Remand to State Level." Defendants also have emphatically stated that in their opinion federal question jurisdiction does not exist. Both defense attorneys, when asked at the hearing whether there is any basis for federal question jurisdiction, stated that they saw none present. (Tr. at 16.)

## CONCLUSION

Based on a review of the complaint and statements made at the oral hearing, Guilbeaux's allegations appear to be based on state law theories of negligence and not on a theory to redress his civil rights. Consequently, such assertions do not invoke federal question jurisdiction. His complaint states a claim, if any, under state law and, therefore, should be pursued in state court.[3]

---

**3.** Texas law tolls the statute of limitations if a case is dismissed for lack of jurisdiction and, within 60 days of dismissal, properly filed in state court. *See Long Island Trust v. Dicker,* 659 F.2d 641, 646 (5th Cir.1981); *see also,* TEX.CIV.PRAC. & REM.CODE ANN. § 16.064(a) (1997). Section 16.064(a) was intended to

## RECOMMENDATION

The court should dismiss the complaint, *sua sponte,* for lack of subject jurisdiction. This will render all pending motions moot.

### OBJECTIONS

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R.CIV.P. 6(a), 6(b), 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir.1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir.1996) (en banc).

November 6, 1998.

---

cover every case where effect of first court's final judgment or order was tantamount to dismissal because action was mistakenly, but in good faith, brought in the wrong court. *Burford v. Sun Oil Co.,* 186 S.W.2d 306 (Tex. Civ.App.1944).