# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2010

Charles R. Fulbruge III
Clerk

No. 09-20556
Summary Calendar

---

In the Matter of: MARY ANN KNEZEK,

                                        Debtor

CINDY NEELY,

                                        Appellant,

v.

TRAVIS JOHNSON, Appellee, Defendant in Trial Court,

                                        Appellee.

CONSOLIDATED with
No. 09-20574

In the Matter of: MARY ANN KNEZEK,

                                        Debtor

CINDY NEELY,

                                        Appellant,

v.

W. STEVE SMITH,

                                        Appellee.

---

Appeals from the United States District Court
for the Southern District of Texas
USDC No. H-09-1075

---

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

In this bankruptcy adversary proceeding, Cindy Neely contests two separate judgments entered by the Bankruptcy Court of the Southern District of Texas. The district court affirmed, and these judgments have been consolidated for the purposes of the present review. Neely appeals the judgments, arguing that the Bankruptcy Court erred in authorizing the sale of certain property pursuant to 11 U.S.C. § 363(h) and allowing an earmarking of the funds for the Trustee of Neely's husband's bankruptcy estate. We affirm.

I

Cindy Neely and Mary Ann Knezek together entered an agreement in 2003 to purchase property located in Rosenberg, Texas. Shortly thereafter, Mrs. Neely's husband, George Neely, a Houston attorney, filed for bankruptcy. Subsequently, Knezek and Cindy Neely became embroiled in a lawsuit regarding ownership of the Rosenberg property. The Texas state trial court entered a judgment awarding a 50% undivided interest in the property each to Cindy Neely and Knezek. In 2006, Knezek filed an adversary proceeding within the main case of her own bankruptcy. Knezek sought authority to sell the Rosenberg property and named Cindy Neely as a defendant. Cindy Neely, in her capacity as co-owner, opposed this request. Neely argued that Knezek failed to satisfy the elements of 11 U.S.C. § 363(h), a federal bankruptcy statute authorizing the sale of a co-owner's interest in property provided certain conditions are met.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

During the pendency of Knezek's sales adversary proceeding, the Commission for Lawyer Discipline (CFLD) initiated a proceeding within the main case of George Neely's bankruptcy, seeking to bar George Neely's discharge of debts. Cindy Neely was not named as a party and did not intervene. But she was deposed, and subsequently subpoenaed, for the trial held on the CFLD's adversary proceeding against her husband. This proceeding resulted in a series of findings that George Neely had concealed property with the intent to hinder, delay, or defraud his creditors in violation of 11 U.S.C. § 727(a)(2)(A) and (B). As a result of these findings, the bankruptcy court ordered that any interest of George and Cindy Neely in the Rosenberg property belonged with George Neely's bankruptcy estate and was not exempt on the date of his bankruptcy.

Following this order, the Trustee for George Neely's bankruptcy estate sought an amendment of the judgment in Knezek's adversary proceeding against Cindy Neely. Specifically, the Trustee requested an amendment identifying him as a party for whom the sale proceeds of the Rosenberg property would be earmarked. The bankruptcy court granted the Trustee's request. Cindy Neely appealed this judgment to the district court, which dismissed on the grounds that Mrs. Neely was bound by the findings in the CFLD adversary proceeding against her husband. This district court held that Cindy Neely's interests had been adequately represented at the CFLD proceeding, and her failure to appeal the bankruptcy court's judgment in her husband's ancillary proceeding rendered the district court powerless to grant any of her requested relief. The district court dismissed her petition with prejudice, and this appeal followed.

II

"We apply the same standard of review as the district court, reviewing the bankruptcy court's findings of fact for clear error and conclusions of law de novo."[1]

III

On appeal, Cindy Neely argues that the Bankruptcy Court erred by allowing the sale of the Rosenberg property and ordering her share of the proceeds to be awarded to the Trustee overseeing her husband's bankruptcy estate. Specifically, Neely argues that an earlier proceeding in state court, which held that she owned a 50% undivided interest in the Rosenberg property, precluded the bankruptcy court from earmarking any portion of the proceeds from its sale for the Trustee. Neely further asserts that the order allowing the sale was itself in error, because Knezek failed to satisfy the requirements of 11 U.S.C. § 363(h). We address each argument in turn.

A

Mrs. Neely argues that because a state court had awarded her a 50% undivided interest in the Rosenberg property that the bankruptcy court was barred under Rooker-Feldman doctrine from awarding any portion of the sales proceeds to the Trustee overseeing her husband's bankruptcy estate.[2] Neely misinterprets both the scope and legal effect of the state court's ruling.

The Rooker-Feldman doctrine bars a losing party in state court "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state

---

[1] In re Duncan, 562 F.3d 688, 694 (5th Cir. 2009) (quoting Hickman v. Texas (In re Hickman), 260 F.3d 400, 401 (5th Cir.2001)).

[2] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

judgment itself violates the loser's federal rights."[3] The doctrine is jurisdictional in nature: federal district courts lack the requisite appellate authority to "reverse or modify" a state-court judgment, because their jurisdiction under 28 U.S.C. § 1257 is "strictly original."[4] But the doctrine has no application to a federal suit brought by a nonparty to the state suit,[5] nor does it preclude a party from litigating an independent claim, even one that denies a legal conclusion previously reached by a state court.[6]

"When there is parallel state and federal litigation, Rooker-Feldman is not triggered simply by the entry of judgment in state court."[7] The Supreme Court has repeatedly held that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction."[8] Comity or abstention doctrines may, in various circumstances, permit or require the federal court to stay or dismiss the federal action in favor of the state-court litigation, but the Rooker-Feldman doctrine does not support the notion that properly invoked concurrent jurisdiction vanishes if a state court reaches judgment on the same or related question while the case remains sub

---

[3] Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994).

[4] Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 287 (2005) (quoting Rooker, 263 U.S. at 415-16) (explaining that if the state-court decision was wrong "that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding").

[5] Johnson, 512 U.S. at 1005-06.

[6] Exxon Mobile, 544 U.S. at 293 (holding that if a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion).

[7] Id. at 292.

[8] Id. (quoting McClellan v. Carland, 217 U.S. 268, 282 (1910)).

judice in a federal court.[9]   The federal litigation of which Mrs. Neely complains—her husband's bankruptcy proceedings—predate the state court action upon which she relies.   Thus, Neely's argument that the state court judgment somehow deprived the bankruptcy court of jurisdiction under the Rooker-Feldman doctrine is without merit.

Disposition of a federal action, once the state court adjudication is complete, is governed by preclusion law.[10]   The Full Faith and Credit Act, 28 U.S.C. § 1738, requires a federal court to "give the same preclusive effect to a state-court judgment as another court of that State would give."[11]   Preclusion, however, is not a jurisdictional matter.   "In parallel litigation, a federal court may be bound to recognize the claim- and issue-preclusive effects of a state-court judgment, but federal jurisdiction over an action does not terminate automatically on the entry of judgment in the state court."[12]   In this regard, res judicata is an affirmative defense which if not pled is considered waived.[13]

Although both the bankruptcy court and the district court invited Mrs. Neely to submit briefing as to whether res judicata would apply to the state court judgment, Neely failed to provide the state court pleadings or make any substantial argument regarding the state court judgement's preclusive effect. The bankruptcy court made clear that the separate or community property interest in the Rosenberg property was at issue.   In response, Neely's only argument was that, because she was not a party to the CFLD adversary

---

[9] Id.

[10] Id. at 293.

[11] Id. (quoting Parsons Steel, Inc. v. First Alabama Bank, 474 U.S. 518, 523 (1986)).

[12] Id.

[13] See Mozingo v. Correct Mfg. Corp., 752 F.2d 168, 172 (5th Cir.1985) ("[R]es judicata, and hence collateral estoppel, is an affirmative defense which if not pled is considered waived."); FED. RULE CIV. PROC. 8(c) (listing res judicata as an affirmative defense).

proceeding against her husband, she could not be bound by it. The district court properly rejected this argument, and any res judicata argument to the contrary has been waived.

The law is clear that a nonparty may be bound when her interests are "adequately represented by someone with the same interests who is a party."[14] The Fifth Circuit has emphasized that this principle is reinforced when the nonparty shares counsel with a party to the underlying judgment.[15] Cindy Neely was represented during deposition in the CFLD proceeding by the same attorney representing her husband; this same attorney entered an appearance on Cindy Neely's behalf on both days of the trial. Mrs. Neely had every reason to know that, because the proceeding involved allegations as to the community property of her marriage, her rights could be affected by the outcome.

"This case surely is not the paradigm situation in which Rooker-Feldman precludes a federal district court from proceeding."[16] The Trustee overseeing Mr. Neely's bankruptcy estate plainly has not repaired to federal court seeking to undo a state court judgment against him. Rather, it appears the Trustee properly moved for an amended judgment on the basis of the bankruptcy court's finding that the Rosenberg property was not purchased with Cindy Neely's separate funds and was property of the bankruptcy estate. Rooker-Feldman did not prevent the bankruptcy court from exercising jurisdiction when Knezek filed the state court action, and it did not emerge to vanquish jurisdiction after Cindy Neely prevailed in the Texas courts.

---

[14] Richards v. Jefferson County, Ala., 517 U.S. 793, 798 (1996).

[15] 1488, Inc. v. Philsec Inv. Corp., 939 F.2d 1281, 1290 (5th Cir. 1991).

[16] Exxon Mobile, 544 U.S. at 293 (internal citations and quotations omitted).

B

Neely next argues that the bankruptcy court committed error by allowing the sale of the Rosenberg property because Knezek failed to satisfy the requirements of 11 U.S.C. § 363(h). This section of the federal bankruptcy statute authorizes sale of a co-owner's property interest providing (1) partition in kind of such property among the estate and such co-owners is impracticable; (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners; (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.[17]

At trial, Knezek's expert witness testified that a partition in kind of the Rosenberg property would be impracticable, would realize significantly less value for her estate than a sale free of the interests of a co-owner, and was not used in the production of power. Neely failed either to rebut the expert's testimony or provide any substantial evidence to the contrary.

On appeal, Neely argues that Knezek failed to satisfy her burden of proof under 11 U.S.C. § 363(h). To the extent that Neely raises such an issue, she has failed to provide any citations to the record or case law. Accordingly, this issue is waived as inadequately briefed.[18] Further, Neely's claim that Knezek has no ownership interest in the property was never raised at trial. "It is well established that we do not consider arguments or claims not presented to the

---

[17] 11 U.S.C. §363(h).

[18] See, e.g., Adams v. Unione Mediterranea Di Sicurta, 364 F.3d 646, 653 (5th Cir. 2004) ("Issues not raised or inadequately briefed on appeal are waived.").

bankruptcy court."[19]  We nevertheless note in passing that our review of the record, Neely's arguments, and the bankruptcy court's well-reasoned opinion, convinces us that if we were to address the burden of proof issue we would likely agree with the bankruptcy court's determination.

*  *  *

For the foregoing reasons, we AFFIRM the district court's judgment.

---

[19] Gilchrist v. Westcott (In Matter of Gilchrist), 891 F.2d 559, 561 (5th Cir.1990) (citing Moody v. Empire Life Ins. Co. (In re Moody), 849 F.2d 902, 905 (5th Cir. 1988)).